UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-21826-CIV-LENARD/O'SULLIVAN

CARLOS A. ALONSO CANO, individually
and as guardian for his son, ANGIE ALONSO
MOREJON, and as next of friend of his minor
daughters, KATY ALONSO MOREJON and JANY LEIDY
ALONSO MOREJON and FE MOREJON FERNANDEZ,
individually,

    Plaintiffs,
vs.

245 C & C, LLC and CFH GROUP, LLC.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the plaintiffs' Combined Response in Opposition to Defendants Answer and Affirmative Defenses and Request for Leave to File One New Pleading Under Fla. Stat. 83.45 (DE # 147, 1/24/20). Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the plaintiffs' Combined Response in Opposition to Defendants Answer and Affirmative Defenses and Request for Leave to File One New Pleading Under Fla. Stat. 83.45 (DE # 147, 1/24/20) is **DENIED**, in accordance with the following Order.

## FACTS

The plaintiffs sued their landlord, under the Fair Housing Act ("FHA") on the grounds that the defendants have failed to accommodate a disabled plaintiff. (DE # 145, at p. 2, 1/24/2020). The plaintiffs filed their law suit on May 6, 2019, (DE # 1, 5/6/2019), their Corrected Amended Complaint was filed on August 9, 2019, (DE # 52, 8/9/2019), and their Second Amended Complaint was filed on December 2, 2019, (DE # 92, 12/2/2019). The defendants filed their Answer and Affirmative Defenses to the plaintiffs Second Amended Complaint on December 16, 2019. (DE # 101, 12/16/2019). On January 24, 2020, the plaintiffs filed a Combined Response in Opposition to Defendants Answer and Affirmative Defenses and Request for Leave to File

One New Pleading Under Fla. Stat. 83.45 (the "Motion"). In the plaintiff's Motion, they argue that the defendants Affirmative Defenses should be denied because the defendants were in violation of the FHA and the Florida Landlord Tenant Act, and that the plaintiffs should be granted leave to amend their complaint to include an "argument" that the lease agreement was unconscionable. (DE # 147, 1/24/2020).

On January, 31 2020, the defendants filed their Response to Plaintiffs' Motion to Amend Complaint (the "Response")[1], arguing that the plaintiffs should be barred from amending their complaint because it would be in violation of the scheduling order entered by the Honorable Judge Lenard, and the plaintiffs did not establish good cause to amend the complaint despite the fact that they have not complied with the scheduling order in seeking to amend. (DE # 157, at p.2 1/31/2020). On February 7, 2020, the plaintiffs filed a Reply to the defendants Response, arguing that they did have good cause for not including their reason for amending in previous complaints because they informed their former attorney to include an "unconscionable" allegation in previous complaints but he advised against it. (DE # 159, at p. 2 2/7/2020).

## **LEGAL ANALYSIS**

**I.  Plaintiffs are in Violation of the Court's Scheduling Order and the Federal Rules of Civil Procedure**

Fed. R. Civ. P. 15(a) states a party may amend their pleading within twenty-one days after serving it, or "if the pleading is one to which a responsive pleading is required," within twenty-one days of being served with the responsive pleading. The rule further states a party may amend when the opposing party consents or with leave of court. Fed. R. Civ. P. 15(a)(2). Here, the plaintiffs filed their motion for leave to amend over a month after they filed their Second Amended Complaint. The defendants do not consent to allowing the plaintiffs to once

---

[1] Which is a response to the plaintiffs January 24, 2020, filing.

2

again amend their complaint. Thus, the plaintiffs may only amend their complaint with leave of court because they did not file a timely amendment and the defendants do not consent.

District Courts have broad discretion in managing their case loads through the use of scheduling orders. Abdullah v. City of Jacksonville, 242 Fed. Appx. 661, 664 (11th Cir. 2007); see also Johnson v. Bd. of Regents, 263 F.3d 1234, 1243 (11th Cir. 2001) (indicating that District Courts are accorded broad discretion over scheduling). Here, Judge Lenard entered a scheduling order on August 20, 2019, stating any amendments to a parties' pleadings must be made prior to October 11, 2019. (DE # 62, 8/20/2019 p. 2). The plaintiffs' Motion seeking leave to amend was filed on January 24, 2020, over three months past the deadline. (DE # 147, 1/24/2020). The plaintiffs' Motion should be denied because Judge Lenard properly used her broad discretion in entering the scheduling order, consequently the scheduling order should be enforced.

II. **The Plaintiffs Do Not Have Good Cause to Obtain Leave to Amend Their Complaint**

"District Courts are required to enter a scheduling order that limits the time to . . . amend pleadings . . . ." Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. Pro. 16(b)).

> Such orders 'control the subsequent course of the action unless modified by a subsequent order,' [] and may be modified only 'upon a showing of good cause.' [] This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'

Id. (citing Fed. R. Civ. Pro. 16(b); Fed. R. Civ. Pro. 16(e)).

The burden of proof to show good cause for not meeting the schedule, despite the diligence of a party, rests on the moving party. Tic Park Ctr., 9 LLC v. Cabot, 2018 U.S. Dist. LEXIS 221005 *9 (S.D. Fla. Aug. 28, 2018) (citing Northstar Marine, Inc. v. Huffman, 2014 U.S. Dist. LEXIS 102419, 2014 WL 3720537, *3 (S.D. Ala. July 28, 2014).

Although the plaintiffs argue that the court should grant leave to amend a pleading when

3

justice so requires pursuant to Fed. R. Civ. Pro 15 (a) (DE # 159, 2/7/2020 p. 8), a motion to amend filed after the deadline set forth in a scheduling order shall only be granted upon a showing of good cause. See Regions Bank v. Legal Outsource PA, 2016 U.S. Dist. LEXIS 197420 *4 (M.D. Fla. Feb. 4, 2016). The plaintiffs do not have good cause to amend. On the date of the deadline to file their Second Amended Complaint the plaintiffs filed a Motion for Leave to Amend their Amended Complaint. (DE # 72, 10/11/2019). The Court granted that motion and allowed the plaintiffs seven days to file their Second Amended Complaint. (DE # 90, 11/25/2019). Additionally, on July 19, 2019, the Court entered an Order stating:

> [t]he Court will provide Plaintiff fourteen days to file an Amended Complaint. In light of the fact that the amended complaint will be Plaintiff's seventh attempt to file an adequate complaint against Defendants, **Plaintiff is warned that it may be the final amendment the Court permits him to make**. . . . Thus, Plaintiff should endeavor to remedy all deficiencies, whether discussed in this Order or not.

(DE # 43, at p. 14-15, 7/19/2019).

The plaintiffs contend that good cause exists because the plaintiffs told their former attorney to include unconscionability as a cause of action in the complaint, but the attorney refused. This is not grounds for good cause for failing to amend by the deadline, but proof that the plaintiffs were aware of this allegation and failed to raise it timely. The plaintiffs had knowledge and facts to allege unconscionability as early as 2016.[2] The plaintiffs were not diligent in trying to meet the schedule set forth by the court. They had knowledge of these "new" allegations prior to the deadline to amend. See Regions Bank, 2016 U.S. Dist. LEXIS 197420 at *5 (citing Stalley v. ADS Alliance Data Sys., 2013 U.S. Dist. LEXIS 78276 *2 (M.D. Fla. Jun. 4, 2013) (finding there is good cause within Rule 16(b) when a party did not have sufficient knowledge, prior to the deadline set in a scheduling order, to file an amended pleading). The plaintiffs' request for leave

---

[2] The plaintiffs stated they first believed the lease agreement between the parties was unconscionable on or about September 6, 2016 (DE # 145, 1/24/2020 p. 15).

to amend their complaint unduly delays this proceeding and exemplifies the plaintiffs dilatory motives. See Wells v. Xpedx, 2007 U.S. Dist. LEXIS 33288 *2-3 (M.D. Fla. May 7, 2007) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (stating "[s]ubstantial reasons justifying a court's denial of a request for leave to amend include undue delay . . . or dilatory motive on the part of the movant . . . .").

In accordance with the foregoing Order, the plaintiffs Request for Leave to File One New Pleading (DE # 147, 1/24/2020) is DENIED.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 19th day of March 2020.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies mailed by Chambers to:
Carlos A. Alonso Cano
2500 West 56th Street
Apt. 1301
Hialeah, FL 33016-4769 .