UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-21826-CIV-LENARD/O'SULLIVAN

CARLOS A. ALONSO CANO, individually
and as guardian for his son, ANGIE ALONSO
MOREJON, and as next of friend of his minor
daughters, KATY ALONSO MOREJON and JANY LEIDY
ALONSO MOREJON and FE MOREJON FERNANDEZ,
individually,

    Plaintiffs,
vs.

245 C & C, LLC and CFH GROUP, LLC.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the defendants' Motion to Strike Jury Trial Demand Only (DE # 106, 12/17/19). Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the defendants' Motion to Strike Jury Trial Demand Only (DE # 106, 12/17/19) is **GRANTED** in accordance with the following Order.

## FACTS

The plaintiffs sued their landlord, under the Fair Housing Act ("FHA") on the grounds that the defendants failed to accommodate a disabled plaintiff. (DE # 145, at p. 2). The plaintiffs initially entered into a lease agreement with the defendants on October 29, 2011. The plaintiffs subsequently entered into another lease on November 1, 2013. The plaintiffs entered into renewals of the lease thereafter. (DE # 106, 12/17/2019). Paragraph 29 of the lease provided that "[t]he [r]esident hereby waives [r]esident's right

to demand a jury trial in any cause of action arising between [l]andlord and [r]esident concerning this contract." (DE # 106-1, at p. 9, 12/17/2019). On December 17, 2019, the defendants filed a Motion to Strike Jury Trial Demand (DE # 106) (the "Motion"). The defendants address various issues alleged in the Second Amended Complaint that are not determinative of their Motion. (Id. at pp. 2-4). The defendants argue that the plaintiff is not entitled to a jury trial due to the waiver clause in the lease agreement, and that their complaint arising under the FHA does not defeat the waiver of jury trial provision in the lease agreement. (Id. at p. 5). Further, the defendants argue the lease agreement meets the test for a knowing and voluntary waiver of rights, and that a jury waiver provision can validly require the substitution of one neutral decision-maker for another trier of fact. (Id.).

The plaintiffs filed their response to the defendants' Motion (the "Response") on January 24, 2020. (DE 145). Throughout the plaintiffs' response they reincorporate the allegations stated in their Corrected Amended Complaint and Second Amended Complaint that the defendants committed violations under the FHA. (Id.). The plaintiffs argue they are entitled to a trial by jury pursuant to Fed. R. Civ. P. Rule 38 and the 7th Amendment of the United States Constitution. (Id. at pp. 1, 6). The plaintiffs also argue that their waiver of a jury trial pursuant to paragraph 29 of the lease agreement was not voluntary or informed. (Id. at p. 13). Additionally, the plaintiffs refer to various cases that are not cited. (Id. at p. 10-11). Nevertheless the plaintiffs argument with respect to the cases that are not cited are not of consequence to the legal issues of a waiver of jury trial. The plaintiff further incorporates a lengthy nutshell of the history of the FHA and the Federal Rules of Civil Procedure that are immaterial to the Motion. (DE # 145,

2

1/24/2020).

## **LEGAL ANALYSIS**

**I.  Jury Trial Waiver Clause**

The Seventh Amendment of the United States Constitution "provides that 'in [s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.'" Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990) (quoting U.S. Const. amend. VII). Fed. R. Civ. P. Rule 38 states the parties rights in an action preserve the right to a jury trial as prescribed in the 7th Amendment or a federal statute. The Rule further states a party must demand a jury trial and state the issues to be heard and decided by a jury. Id. Here, the plaintiffs timely and properly demand a jury trial in their Second Amended Complaint. (DE # 92, p. 53, 12/2/2019). However, the plaintiffs waived their right to a jury trial against the defendants when they executed the lease agreement and continued to renew the lease because the lease contained a jury trial waiver clause.

"Contractual waivers of a person's right to a jury trial are routinely deemed enforceable, provided that they are knowing and voluntary." Ackner v. PNC Bank, 2017 U.S. Dist. LEXIS 222813 at *10 (S.D. Fla. Dec. 22, 2017). The court weighs the following factors when determining if a right to jury trial has been waived via a contractual provision: "(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel." Head v.

Cornerstone Residential Mgmt., 2006 U.S. Dist. LEXIS 102218 at *6 (S.D. Fla. Mar. 31, 2006). The factors are not determinative, and the court weighs the circumstances, considering whether the waiver was unconscionable, contrary to public policy, or unfair. Ackner, 2017 U.S. Dist. LEXIS 222813 at *11.

Here, the jury waiver language in the lease agreement was conspicuous. The clause title was bold and capitalized. Moreover, the language in the clause was the only clause which contained an italicized font on the subject page. The plaintiffs initialed the page containing the jury waiver clause, the initial was located about an inch away from the jury waiver clause, and the language of the clause was clear and easy to read. See Pearson v. Countrywide Home Loans, Inc., 2015 U.S. Dist. LEXIS 14541 at *6 (M.D. Fla. Feb. 6, 2015) (finding a jury waiver clause enforceable when the clause was in bold type faced, the plaintiff signed the page where the jury waiver clause was located, and the signature was one inch away from the clause); see also Oglesbee v. IndyMac Fin. Servs., 675 F. Supp. 2d 1155, 1158 (S.D. Fla. 2009) (finding a jury waiver clause is valid even when the title of the clause was "Jury Trial Waiver," the clause was the same font as the remainder of the document, and the language in the clause was clear and easy to read).

Second, the plaintiffs level of sophistication and experience must be weighed. Special education is not required to understand the terms of a jury waiver clause when it is written in plain language. See Correa v. BAC Home Loans Servicing LP, 2012 U.S. Dist. LEXIS 159089 at *49-50 (S.D. Fla. Apr. 9, 2012). Here, the language in the jury trial waiver clause stated: ""[t]he [r]esident hereby waives [r]esident's right to demand a jury trial in any cause of action arising between [l]andlord and [r]esident concerning this

4

contract." (DE # 106-1, at p. 9, 12/17/2019). Moreover, the resume of plaintiff Carlos A. Alonso Cano, who signed the lease agreement, indicates he was formerly a licensed insurance agent who read and explained insurance policies to customers. (DE # 156-1, at p. 3, 1/31/2020). Thus, Mr. Alonso Cano was sophisticated enough to understand the meaning of a waiver of jury trial clause if he had the ability understand and explain insurance policies. See Ackner, 2017 U.S. Dist. LEXIS 222813 at *11 (finding a waiver of jury trial clause valid where the plaintiffs were credit card applicants).[1] Furthermore, Mr. Alonso Cano does not provide any evidence that he was unable to understand the meaning of the jury trial waiver clause. See Oglesbee, 675 F. Supp. 2d at 1158 (finding a party was sophisticated enough to understand the meaning of a jury trial when said party did not offer any evidence to the contrary).

     Mr. Alonso Cano argues that his wife Fe Morejon Fernandez, who is also a plaintiff that signed the lease, could not understand the jury trial waiver clause in the lease agreement because she does not speak English,. This argument fails because "[i]t is axiomatic that a person who signs a contract is presumed to know[] its contents." Larach v. Std. Chtd. Bank Int'l (Americas) Ltd., 2011 U.S. Dist. LEXIS 163670 at *30 (S.D. Fla. Jun. 7, 2011). Additionally, "'it is generally the duty of a party to a contract to learn and understand its contents before he signs it.'" Id. (quoting Addison v. Carballosa, 48 So. 3d 951, 954 (3d DCA 2010)). A party cannot defend against a provision of a contract simply because they did not or could not read it. Id. Moreover, Mrs. Morejon Fernandez signed all the renewals and the Response to defendants

---

[1] In Ackner, the plaintiffs conceded they had the sophistication to understand what the jury waiver meant. See Ackner, 2017 U.S. Dist. LEXIS 222813 at *11.

Motion which is written in English. (DE # 106-1, 12/17/2019, at pp. 13-15); (DE # 145, 1/24/2020).

With respect to the plaintiffs ability to negotiate the contract, the plaintiffs do not offer any evidence that they could not negotiate the lease agreement or walk away from signing the lease agreement. The plaintiffs had the ability to negotiate or not sign the lease agreement. See Correa, 2012 U.S. Dist. LEXIS 159089 at *50 (finding a plaintiff failed to establish the third factor when the plaintiff did not offer any evidence that the plaintiff could not negotiate the contract or have the ability to not sign). With respect to the plaintiffs' bargaining power, the plaintiffs do not offer any evidence that the defendants had superior bargaining power. The plaintiffs had sufficient bargaining power in negotiating the lease. See Pearson, 2015 U.S. Dist. LEXIS 14541 at *7 (dismissing plaintiffs argument that they had little bargaining power because they did not provide sufficient evidence). Lastly, the plaintiffs were not represented by counsel when negotiating the lease, however, if Mr. Alonso Cano was sophisticated enough to understand the jury trial waiver clause, he was sophisticated enough to know he could retain counsel to negotiate the lease. See Ackner, 2017 U.S. Dist. LEXIS 222813 at *13 (stating that "as [p]laintiffs are 'sufficiently sophisticated to understand what the waiver means', [p]laintiffs would appear to be sufficiently sophisticated to know that they could obtain advice of counsel . . . .") (citations omitted)).

Because the totality of the circumstances weigh heavily in favor of the defendants, the jury trial waiver clause in the lease agreement is enforceable and was consented to voluntarily. As such the jury trial waiver clause is not unconscionable, contrary to public policy, or unfair.

## II.     FHA Does Not Invalidate A Jury Trial Waiver Clause

The FHA does not invalidate a jury trial waiver clause in a contract. See Milsap v. Cornerstone Residential Mgmt., 2007 U.S. Dist. LEXIS 22252 at *16-17 (S.D. Fla. Mar. 27, 2007) (stating that an FHA claim for the occupancy limits prescribed by the landlord allegedly discriminating the tenant arises out of the contract and allows a jury trial waiver clause to be enforceable). Here, the jury trial waiver clause states "[t]he [r]esident hereby waives [r]esident's right to demand a jury trial in any cause of action arising between [l]andlord and [r]esident concerning this contract." (DE # 106-1, 12/17/2019 p. 9). Here, the plaintiffs' claim arising from the FHA is considered an action arising between the parties in connection with the lease agreement because the plaintiffs allegations of defendants' violations of the FHA relate to provisions that the lease agreement governs. Thus, the jury trial waiver clause applies. See Milsap, 2007 U.S. Dist. LEXIS 22252 at *16-17 (citing Head, 2006 U.S. Dist. LEXIS 102218 at *11 (S.D. Fla. Apr. 3, 2006)) (finding that the jury trial waiver clause arose out of or related to the agreement because FHA claim derived from the occupancy limits that the parties agreed to in the agreement).

Accordingly, the defendants' Motion to Strike Jury Demand Only (DE # 106, 12/17/20) is GRANTED.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 19th day of March 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies mailed by Chambers to:
Carlos A. Alonso Cano
2500 West 56th Street
Apt. 1301
Hialeah, FL 33016-4769