UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21826-CIV-LENARD/O'SULLIVAN

CARLOS A. ALONSO CANO, individually
and as guardian for his son, ANGIE ALONSO
MOREJON, and as next of friend of his minor
daughters, KATY ALONSO MOREJON and JANY LEIDY
ALONSO MOREJON and FE MOREJON FERNANDEZ,
individually,

        Plaintiffs,
vs.

245 C & C, LLC and CFH GROUP, LLC.,

        Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Combined Motion Showing Cause (DE# 358, 11/5/20) (hereinafter "Motion"). The plaintiffs also filed supplemental arguments and documents in support of the Motion. See New Document Supporting the (Sealed Motion)[1] Filed on (November 4, 2020), About the Erroneous Transcripts and About the Wrong Behavior of Defendants' Lawyer and of the Court Reporter During the (10) Depositions Made in this Case (DE# 363, 11/12/20) (hereinafter "Supplement") (footnote added). The defendants filed their response in opposition on November 17, 2020. See Defendants' Verified Response to [DE 358] Entitled "Combined Motion to Show Cause" (DE# 374, 11/17/20) (hereinafter "Response"). The plaintiffs filed their reply on November 24, 2020. See Plaintiffs' Reply to Defendants' Response (ECF No.

---

[1] The Court denied the plaintiffs' request to file certain documents under seal for failure to show good cause in accordance with Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). See Order (DE# 362, 11/10/20). Therefore, none of the documents cited in this Order are sealed.

374] (DE# 389, 11/24/20) (hereinafter "Reply").

This matter is ripe for adjudication.

## ANALYSIS

The plaintiffs seek the following relief: (a) leave to file copies of the transcripts attached to the instant Motion; (b) leave to file their own notarized affidavits instead of deposition transcripts; (c) an Order compelling the defendants' counsel to provide to the plaintiffs a copy of the recordings taken during each Zoom deposition; (d) an Order prohibiting the defendants from using the deposition transcripts of Carlos Alonso and Fe Morejon and (e) an Order prohibiting the defendants from using any other deposition transcripts of any plaintiff or witness, if the plaintiffs provide timely notice to the Court that the deposition transcripts are different from what was testified to by the deponent at the deposition. Motion at 1-2.

In support of the relief requested, the plaintiffs cite to the alleged unprofessional conduct of the defendants' counsel. Motion at 2. The plaintiffs assert that counsel for the defendants raised her voice, appeared angry and threatened to finish the deposition several times without cause, was argumentative, prevented the witness from speaking, coerced and pressured the witness to provide responses sought by the defendants, asked tricky questions to confuse the witness and raised objections to the form of the question. Id. at 4, 7, 14, 15. The plaintiffs raise similar complaints in the Supplement. See, for example, Supplement at 1 ("the defendants' lawyer, conducted many questions in a form that intended to harass Katy Alonso and caused her to cry"); id. at 2 (counsel for the defendant attempted to continue the deposition of Fe Morejon despite Ms. Morejon experiencing health issues).

The plaintiffs allege that the defendants' counsel and the court reporter conspired

to change Mr. Alonso and Ms. Morejon's deposition testimony in a manner that would be favorable to the defendants. Motion at 7; Supplement at 5 (asserting that the court reporter's response that "what is in the transcripts will stand as the testimony provided" was for "the plaintiffs . . . another sign that there is a complot between the defendants' lawyer and the court reporter to change or eliminate from the deposition transcripts every thing [sic] possible that is not convenient for the defendants."); id. at 10 (asserting that Carlos Alonso "suspect[s] that there is a complot between the defendants' lawyer and the court reporter to commit fraud and eliminate or change the questions and answers from the depositions that are not convenient to the defendants' lawyer."). The plaintiffs also accuse the court reporter of intentionally not finding certain questions and responses in the deposition transcripts in order to help the defendants' counsel. See Supplement at 9 (asserting that the court reporter intentionally could not find certain questions and responses from Dr. Annette Fornos' cross-examination "to protect defendants' lawyer, who already was arguing with [Carlos Alonso] about these questions and responses during a discovery hearing . . . .").

According to the plaintiffs, counsel for the defendants asked many questions which were not relevant to the lawsuit or were repetitive resulting in needless expense and inquired into personal matters or questioned the integrity of the witness in order to harass the plaintiffs. Motion at 2-3. The plaintiffs also cite to several errors, discrepancies, omissions and incorrect translations in the deposition transcripts. See, for example, id. at 3 (line of questioning concerning Jany Alonso's grades), id. (asserting that "there should be other[,] different words, lines with words and paragraphs" in Carlos Alonso's deposition); id. at 6 (the words "Yes[,] Ma'am" were incorrectly translated to "Yes, sir"); id. at 13 (facts testified to by Mr. Alonso at his

3

deposition were not included in the transcript); id. at 14 (alleging that the court reporter "omitted the real answer given by the plaintiff Fe Morejon during her deposition"); id. at 15 (asserting that the court reporter omitted response given by Ms. Morejon or "translator did a wrong translation"); Supplement at 8 (asserting that "important declarations were omitted by the court reporter" from cross-examination of Jany Alonso); id. at 10 (alleging discrepancies in Dr. Fornos' deposition transcript).

The plaintiffs allege that they cannot review the deposition transcripts properly without the Zoom recordings. Supplement at 5. At the same time, the plaintiffs maintain that they may not necessarily accept these recordings because the defendants' counsel could forge them:

> **But, even providing the recordings, there also is the possibility that those recordings were forged**, because which [sic] all that has happened so far with the transcripts, we plaintiffs do not doubt that the defendants' lawyer has even been able to change or delete some of her own recordings, made during the depositions, to affect the outcome of this lawsuit and to gain advantage in what remains from now until the trial, so **we announce to the court that we the plaintiffs, will not accept any transcription that we know was not accurately transcribed or suspect that it is not containing all the statements and facts provided during all the depositions**, **if such transcripts are not supported by the correct and "not forged recording" taken using Zoom**, during the direct or cross-examinations of every plaintiff or every witness.

Supplement at 11 (emphasis added).

The defendants assert that "Plaintiffs have waived their rights by failing to make contemporaneous objections at deposition or by failing to timely act under Rule 30(e)(1). The Motion is baseless and is due to be denied." Response at 12.

In their Reply, the plaintiffs state that they filed their Motion within the 30-day time frame with respect to the depositions of Carlos Alonso and Fe Morejon. Reply at 4. The plaintiffs further state that it "was impossible for [Mr. Alonso and Ms. Morejon] to write

4

the errata paper when [they] found that there were omissions . . . [because they] were not sure how many of them occurred, and due the lack of time [sic] to review (267) and (317) pages respectively." Reply at 4. The plaintiffs further noted that Ms. Alonso especially, "did not have all the time to do it, because she takes care of Angie Alonso all day long." Id. at 5. The plaintiffs further state that they would prefer to have the recordings "to remember what exactly was said by each one, due to the large quantity of pages, since every deposition of plaintiffs lasted for more than (7) hours, with the time defendants' lawyer added unfairly." Id.

> Rule 30(e)(1)-(2) of the Federal Rules of Civil Procedure states as follows:
>
> **(1) Review; Statement of Changes**. On request by the deponent or a party before the deposition is completed, **the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:**
>
>> **(A) to review the transcript or recording; and**
>>
>> **(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them**.
>
> **(2) Changes Indicated in the Officer's Certificate**. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e)(1)-(2) (emphasis added).

On August 19, 2020, the court reporter sent an email to plaintiff Carlos Alonso attaching a copy of the deposition of Jany Alonso. See Email (DE# 374-1 at 5, 11/17/20). The email read as follows:

> Hello.
>
> In order to protect each other and our families' health, I am attaching the deposition of Jany Alonso for her to read at your home.

5

> **Only if there is any change, you can print the LIST OF CORRECTIONS page and have her handwrite the changes or if she wishes she can write or type them in a separate page/document**.
>
> Once done you may call me and/or email me to make arrangements so that I can go to your residence with a facial mask to collect the corrections and have her sign the READING & SIGNING page and I will notarize it.

Email (DE# 374-1 at 5, 11/17/20) (emphasis added; capitalization in original). On September 3, 2020, the court reporter sent a similar email to Mr. Alonso concerning the deposition of Katy Alonso. Email (DE# 374-1 at 4-5, 11/17/20). That email read as follows:

> Hello.
>
> In order to protect each other and our families' health, I am attaching the deposition of Katy Alonso for her to read at your home.
>
> **Only if there is any change, you can print the LIST OF CORRECTIONS page and have her handwrite the changes or if she wishes she can write or type them in a separate page/document.**
>
> Once done you may call me and/or email me to make arrangements so that I can go to your residence with a facial mask to collect the corrections and have her sign the READING & SIGNING page and I will notarize it.

Id. (emphasis added; capitalization in original).

There is no record evidence that Jany Alonso or Katy Alonso submitted a list of corrections to the court reporter within the 30-day time frame provided by Fed. R. Civ. P. 30(e)(1), which would have expired on September 18, 2020 for Jany Alonso and October 5, 2020[2] for Katy Alonso.

On October 5, 2020, the court reporter sent a copy of Mr. Alonso's deposition to

---

[2] The thirtieth day, October 3, 2020, fell on a Saturday.

Mr. Alonso for Mr. Alonso to read. See Email (DE# 374-1 at 4, 11/17/20).[3] On October 12, 2020, the Court reporter sent to Mr. Alonso a copy of Ms. Morejon's deposition for her to read. See Email (DE# 389-1 at 13, 11/24/20). There is no record evidence that Mr. Alonso or Fe Morejon submitted an errata sheet to the court reporter within the 30-day time frame provided by Fed. R. Civ. P. 30(e)(1), which would have expired on November 4, 2020 for Mr. Alonso and November 11, 2020 for Ms. Morejon.

Instead, Mr. Alonso filed the instant Motion on November 4, 2020,[4] the day his errata sheet was due and approximately one week before Ms. Morejon's errata sheet was due. Although at the time of the filing of the instant Motion, the deadline for filing the errata sheets for Mr. Alonso and Ms. Morejon's depositions had not yet passed, the procedure for deponents who believe there are errors in their deposition transcripts is to file an errata sheet pursuant to Fed. R. Civ. P. 30(e)(1), not to file a motion with the Court asking that their deposition testimony be replaced by affidavits.

At this time, the 30-days for submitting an errata sheet, as set forth in Fed. R. Civ. P. 30(e)(1), has passed. "Absent a court-approved extension, the failure to submit a timely errata sheet may result in the party's waiver of the opportunity to make corrections to [his or] her deposition testimony." Travelers Indem. Co. of Connecticut v.

---

[3] The Court reporter sent an excerpt of Mr. Alonso's deposition to read at an earlier date, September 16, 2020. See Email (DE# 358-1 at 20, 11/5/20). Mr. Alonso accuses the court reporter of failing to transcribe "not only some words or phrases, but several paragraphs and lines of words." Motion at 4. However, an "excerpt," as the name implies, means only a portion of the deposition. Therefore, it is to be expected that an excerpt of a deposition, is not the full deposition, and would not include the entire testimony.

[4] The instant Motion bears a date stamp of November 4, 2020 on the first page of the Motion but was docketed by the Clerk of the Court on November 5, 2020. See Motion at 1. Therefore, the instant Motion was filed on November 4, 2020.

Attorney's Title Ins. Fund, Inc., No. 2:13-CV-670-FTM-38CM, 2016 WL 866368, at *2 (M.D. Fla. Mar. 7, 2016). In Welch v. Mercer Univ., the Eleventh Circuit affirmed a district court's refusal to accept an "errata sheet [submitted] more than a month too late." 304 F. App'x 834, 838 (11th Cir. 2008). Because the time for filing an errata sheet has passed, the Court will not prohibit the defendants from using any of the deposition transcripts taken in this case.

Moreover, to the extent the plaintiffs complain about the questions asked by the defendant's counsel, the manner in which the defendant's counsel conducted the deposition or any improper behavior which allegedly took place during a deposition, Rule 32(d)(3)(B) provides that:

> An objection to an error or irregularity at an oral examination is waived if:
>
> (i) **it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time**; and
>
> (ii) **it is not timely made during the deposition**.

Fed. R. Civ. P. 32(d)(3)(B) (emphasis added). The plaintiffs have not shown that they made contemporaneous objections at the time of their depositions. In Jay v. Auburn Univ., the Eleventh Circuit noted that a complaint that a "deposition was improperly taken" had been waived "because [the litigant] failed to object to any defects 'during the deposition.'" 829 F. App'x 393, 397 (11th Cir. 2020) (quoting Fed. R. Civ. P. 32(d)(3)(B)(ii)).

Complaints about a court reporter's transcription of a deposition must also be promptly brought to the Court's attention. Rule 32(d)(4) states that:

> **An objection to how the officer transcribed the testimony--or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition--is waived unless a motion to suppress is made**

8

> **promptly after the error or irregularity becomes known** or, with reasonable diligence, could have been known.

Fed. R. Civ. P. 32(d)(4) (emphasis added). At least one court has found that "[a] two-week delay does not constitute prompt filing" under Rule 32(d)(4). <u>Delima v. Wal-Mart Stores Arkansas, LLC</u>, No. 5:17-CV-5244-TLB, 2018 WL 6729994, at *4 (W.D. Ark. Dec. 21, 2018). Here, the plaintiffs received the depositions of Jany Alonso, Katy Alonso, Carlos Alonso and Fe Morejon on August 19, 2020, September 3, 2020, October 5, 2020 and October 12, 2020, respectively, and waited until November 4, 2020 to file the instant Motion.

With respect to the plaintiffs' request for leave to file their own notarized affidavits instead of deposition transcripts, the Court notes that the Eleventh Circuit has stated that:

> The law in this circuit is that **a party cannot give "clear answers to unambiguous questions" in a deposition and thereafter raise an issue of material fact in a contradictory affidavit that fails to explain the contradiction**. <u>Van T. Junkins and Associates v. U.S. Industries, Inc.</u>, 736 F.2d 656, 657 (11th Cir.1984). When this occurs, the court may disregard the affidavit as a sham. <u>Id.</u> at 658–59. We apply this rule sparingly because of the harsh effect this rule may have on a party's case. In addition, we feel that "[t]o allow every failure of memory or variation in a witness' testimony to be disregarded as a sham would require far too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the . . . affiant . . . . was stating the truth." <u>Tippens v. Celotex Corp.</u>, 805 F.2d 949, 953-54 (11th Cir.1986). Thus, **our cases require a court to find some inherent inconsistency between an affidavit and a deposition before disregarding the affidavit**. <u>See id.</u> at 954. If no inherent inconsistency exists, the general rule allowing an affidavit to create a genuine issue "even it if conflicts with earlier testimony in the party's deposition," <u>Kennett–Murray Corp. v. Bone</u>, 622 F.2d 887, 893 (5th Cir.1980), governs. In these instances, any conflict or discrepancy between the two documents can be brought out at trial and considered by the trier of fact.

<u>Rollins v. TechSouth, Inc.</u>, 833 F.2d 1525, 1530 (11th Cir. 1987) (footnote omitted;

9

emphasis added). Thus, the plaintiffs should be aware that the Court may disregard the affidavit of a plaintiff or witness, if the Court finds an "inherent inconsistency" between the affidavit and the deposition testimony, without an adequate explanation of the inconsistency.

Additionally, the Court will not compel the defendants' counsel to provide to the plaintiffs a copy of the recordings taken during each Zoom deposition. The plaintiffs have already indicated that even if the Zoom recordings are produced, the plaintiffs may not accept them as accurate because "there . . . is the possibility that those recordings were forged." Supplement at 11 (emphasis added). The plaintiffs have made numerous unsupported accusations against the defendants' counsel and the court reporter. The Court finds that ordering the defendants' counsel to produce the Zoom recordings will serve no purpose other than to continue to fuel the plaintiffs' baseless conspiracy theories.

## **CONCLUSION**

Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiffs' Combined Motion Showing Cause (DE# 358, 11/5/20) is **GRANTED in part and DENIED in part**. The Court will (and has) considered the deposition excerpts filed by the plaintiffs in support of the instant Motion. All other relief requested is **DENIED**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **10th** day of December, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE