UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21826-CIV-LENARD/O'SULLIVAN

CARLOS A. ALONSO CANO, individually
and as guardian for his son, ANGIE ALONSO
MOREJON, and as next of friend of his minor
daughters, KATY ALONSO MOREJON and JANY LEIDY
ALONSO MOREJON and FE MOREJON FERNANDEZ,
individually,

        Plaintiffs,

vs.

245 C & C, LLC and CFH GROUP, LLC.,

        Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion Requesting an Order from the Court Asking the Defendants' Lawyer to Provide the Court Reporter the Recordings of All the Direct, Cross and Re-Cross Examination of Amanda Ortiz, and that the Court Reporter Make and Provide the Transcripts Electronically to Amanda Ortiz, for Her to Review Them at the Peace and Safety of Her Home, to Avoid Infection with COVID-19. (DE# 370, 11/16/20) (hereinafter "Motion"). The defendants filed their response in opposition on November 23, 2020. See Defendants' Verified Response to [DE 370] Seeking an Order to Send Zoom Recording to Court Reporter and Requiring Court Reporter to Provide Amanda Ortiz with Transcript of Her Deposition Electronically (DE# 385, 11/23/20) (hereinafter "Response"). No reply was filed.

This matter is ripe for adjudication.

## **ANALYSIS**

The plaintiffs seek an Order from this Court directing the defendants' counsel to provide to the court reporter a copy of the recording of the deposition of Amanda Ortiz and directing the court reporter to provide to Ms. Ortiz an electronic copy of her deposition transcript for Ms. Ortiz to review at home. See Motion.

The defendants' response states that a copy of the Zoom recording of Ms. Ortiz' deposition was sent to the court reporter on November 17, 2020. Response at 1. Therefore, that portion of the instant Motion is now moot. The defendants object to the remaining relief requested in the instant Motion because the 30 days for Ms. Ortiz to review her deposition and note any errors has passed. Id. at 2.

Rule 30(e)(1)-(2) of the Federal Rules of Civil Procedure states as follows:

> **(1) Review; Statement of Changes**. On request by the deponent or a party before the deposition is completed, **the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:**
>
> **(A) to review the transcript or recording; and**
>
> **(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them**.
>
> **(2) Changes Indicated in the Officer's Certificate**. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e)(1)-(2) (emphasis added).

Amanda Ortiz was deposed on August 25, 2020. On September 10, 2020, the court reporter sent an email to Ms. Ortiz attaching a "read letter." See Email (DE# 370 at

2

15, 11/16/20). The read letter stated as follows:

> Dear AMANDA ORTIZ,
>
> With reference to the deposition of AMANDA ORTIZ taken in connection with the above-captioned case, please be advised that the transcript of the deposition has been completed and is awaiting signature.
>
> Please arrange to stop by our office for the purpose of reading and signing the transcript of the deposition. Office hours are from 9:00 a.m. until 4:00 p.m., Monday through Friday. Please telephone in advance.
>
> **If this has not been taken care of, however, within the next thirty days or by the time of trial, whichever comes first, we shall conclude that the reading and subscribing of the deposition have been waived** and shall then proceed to send the original transcript to the ordering Counsel for filing with the proper Court.

Id. at 16 (emphasis added; capitalization in original). Thus, Ms. Ortiz had until on or about October 13, 2020[1] to read and sign her deposition transcript.

On November 11, 2020, well after the 30-days had passed, Ms. Ortiz sent an email to the court reporter asking him to send Ms. Ortiz' deposition transcript by email for her review. See Email (DE# 370 at 22-23, 11/16/20). Ms. Ortiz indicated that "[t]he reasons [she] could not go to [to the court reporter's] house at that moment was because [she] was very busy and was afraid of the COVE 19 [sic]." Id. at 23.

On November 12, 2020, the court reporter responded to Ms. Ortiz' email as follows:

> Hello.
>
> When you called after receiving the read letter **you informed me that you did not want to read your deposition and I informed you that I could email it to you then**. **You again stated you did not want to read.**
>
> **Trial has not occurred, but more than 30 days have passed since you were sent the letter which does say whichever comes first. The 30**

---

[1] The thirtieth day, October 10, 2020, fell on a Saturday and the following Monday was a holiday, Columbus Day.

> **days came and went first**.
>
> As the third paragraph also states the conclusion is that the reading of your deposition has been waived.

Email (DE# 370 at 22, 11/16/20) (emphasis added).

The court reporter's email quoted above suggests that Ms. Ortiz did not want to read her deposition, even after the court reporter informed Ms. Ortiz that he could provide it to her by email. Moreover, Ms. Ortiz raised her busy schedule and concerns about COVID-19 in an email dated November 11, 2020, well after the 30 days had passed. The record does not reflect that Ms. Ortiz timely requested to read her deposition within the 30-day window. Therefore, the Court finds that Ms. Ortiz waived a reading of her deposition. "Absent a court-approved extension, the failure to submit a timely errata sheet may result in the party's waiver of the opportunity to make corrections to her deposition testimony." Travelers Indem. Co. of Connecticut v. Attorney's Title Ins. Fund, Inc., No. 2:13-CV-670-FTM-38CM, 2016 WL 866368, at *2 (M.D. Fla. Mar. 7, 2016).

## CONCLUSION

Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion Requesting an Order from the Court Asking the Defendants' Lawyer to Provide the Court Reporter the Recordings of All the Direct, Cross and Re-Cross Examination of Amanda Ortiz, and that the Court Reporter Make and Provide the Transcripts Electronically to Amanda Ortiz, for Her to Review Them at the Peace and Safety of Her Home, to Avoid Infection

with COVID-19. (DE# 370, 11/16/20) is **DENIED**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **10th** day of December, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE