UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-21826-JAL

CARLOS A. ALONSO CANO, *et al.*,

    Plaintiffs,

v.

245 C AND C, LLC and
CFH GROUP, LLC,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon the Motion to Withdraw as Counsel for Plaintiffs (ECF No. 719), filed by Michael D. Dunlavy ("Movant"). Defendants 245 C and C, LLC and CFH Group LLC filed a response in opposition to the Motion. (ECF No. 723). No reply was filed and the time to do so has passed. The matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge, for a Report and Recommendation regarding the Motion to Withdraw. (ECF No. 724). Having reviewed the Motion, Response, the record as a whole, and being otherwise fully advised, the undersigned **RECOMMENDS** that the Motion to Withdraw be **DENIED, without prejudice**.

**I.    DISCUSSION**

In his Motion, Movant seeks leave of this Court to withdraw as counsel of record for Plaintiffs, representing that Plaintiffs wish to proceed *pro se* or to obtain alternate trial counsel. Movant asserts that he is unable to continue to adequately represent Plaintiffs.

The Local Rules of the Southern District of Florida provide that "no attorney shall withdraw the attorney's appearance in any action or proceeding except by leave of Court after notice served on the attorney's client and opposing counsel." S.D. Fla. L.R. 11.1(d)(3)(A). It is within a district court's discretion to permit or deny a motion to withdraw as counsel. *See Patnaude v. Sears Pest Control, Inc.*, No. 08-61980-CIV, 2009 WL 10667065, at *2 (S.D. Fla. May 13, 2009); *Reagan v. TitleMax of Ala., Inc.*, No. 5:09-cv-91/RS-MD, 2010 WL 11530503, at *1 (N.D. Fla. Apr. 15, 2010) (citing *Baker v. Coto*, 154 F. App'x 854, 858 (11th Cir. 2005)). "Before granting an attorney's motion to withdraw, however, 'it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause.'" *Patnaude*, 2009 WL 10667065, at *2 (quoting *Mekdeci v. Merrell Nat'l Lab'ys*, 711 F.2d 1510, 1521–22 (11th Cir. 1983)).

First, Movant has failed to demonstrate good cause for withdrawal. The Motion merely states that Movant is unable to continue to adequately represent Plaintiffs, but fails to proffer any additional information. *See Innovative Genetics, LLC v. Flavocure Biotech, LLC*, No. 21-21457-CV, 2023 WL 2991896, at *1 (S.D. Fla. Mar. 10, 2023) ("Plaintiff's Counsel state that 'irreconcilable differences' arose between them and Plaintiff without providing any additional details. Accordingly, Plaintiff's Counsel have failed to demonstrate good cause for their requested withdrawal.").

Second, Carlos A. Alonso Cano ("Carlos") and Fé Morejón Fernandez ("Fé") are the only Plaintiffs that can proceed *pro se* in this case. Plaintiffs in this action include Carlos who brought this action individually and as a guardian for his son, Angie Alonso Morejón ("Angie"), and as next friend of his minor daughters, Katy Alonso Morejón ("Katy") and Jany Leidy Alonso Morejón ("Jany"), and Fé individually. The District Court, on January 23, 2023, ordered Plaintiffs to retain

counsel for Angie, Katy, and Jany or have one of their claims be dismissed because a non-attorney parent may not represent a child or ward in an action in the child's name. (ECF No. 575); *see Alonso v. Alonso*, No. 18-23668-CIV, 2020 WL 13538521, at *3 (S.D. Fla. July 10, 2020); *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997) ("[P]arents who are not attorneys may not bring a *pro se* action on their child's behalf."); *Dingler v. Georgia*, 725 F. App'x 923, 926 (11th Cir. 2018) ("[W]e note that we consider only Plaintiff's claims raised on his own behalf because a non-attorney *pro se* litigant cannot bring any action on behalf of his or her child."). Here, if Movant were to withdraw from representing Plaintiffs in the above-captioned case, it would leave Plaintiffs Angie, Katy, and Jany without counsel. Instead, Movant should only be permitted to withdraw as counsel once suitable replacement counsel is found. Movant is an officer of the Court and is this Court's means of communication with Plaintiffs.

Third, as Defendants note in their Response, there is substantial prejudice to Defendants in permitting Movant to withdraw at this posture. There are currently three pending post-trial motions that Plaintiffs have yet to respond to. The Responses to these Motions would likely be delayed based on the necessity of Plaintiffs securing new counsel for Angie, Katy, and Jany if Movant is permitted to withdraw at this posture. Thus, the prosecution of the lawsuit would be disrupted by the withdrawal of counsel at this posture in the case.

## II.     RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Motion to Withdraw as Counsel for Plaintiffs (ECF No. 719) be **DENIED, without prejudice**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and

3

Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 12th day of October, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE