UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21826-CIV-LENARD/LOUIS

**CARLOS A. ALONSO CANO, individually
and as guardian for his son, ANGIE ALONSO
MOREJON, KATY ALONSO MOREJON,
JANY LEIDY ALONSO MOREJON, and
FE MOREJON FERNANDEZ individually,**

      Plaintiffs,

**v.**

**245 C & C, LLC and CFH GROUP, LLC,**

      Defendants.
_____/

## OMNIBUS ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (D.E. 727)

**THIS CAUSE** is before the Court on the Report of Magistrate Judge Lauren F. Louis ("Report," D.E. 727), recommending the Court deny the Motion to Withdraw as Counsel for Plaintiffs Carlos A. Alonso Cano ("Carlos"), Fé Morejón Fernandez ("Fé"), Jany Leidy Alonso Morejón ("Jany"), Katy Alonso Morejón ("Katy"), and Angie Alonso Morejón ("Angie") ("Motion," D.E. 719), filed by Michael D. Dunlavy ("Movant") on September 29, 2023. Also before the Court is Plaintiffs' Renewed Request for Additional Findings of Fact (D.E. 736) and Renewed Motion for New Trial (D.E. 737) filed by Movant on October 25, 2023, on behalf of Katy and Angie.

Movant has filed Objections to the Report. ("Objections," D.E. 739.) The Defendants have not filed Objections and the time to do so has passed.[1] In brief, the Magistrate Judge's Report finds that Plaintiffs Angie, Katy, and Jany are unable to proceed *pro se*,[2] and that retaining suitable replacement counsel at this posture in the case will result in a disruption in the proceedings and prejudice to the Plaintiffs and Defendants.[3] After an independent review of the Report and record, the Court adopts the Report, overrules the Objections, and makes the following additional findings.

First, Movant does not dispute the Magistrate Judge's determination that new counsel would need to be secured for Angie and the minor children if he were permitted to withdraw.[4] As discussed, there are several pending post-trial motions and substitution of counsel would result in substantial delays and prejudice to the parties.

---

[1] The Court notes that Defendants previously filed a response in opposition to the Motion. ("Defendants' Response," D.E. 723.)

[2] The Report explains that Carlos and Fé are the only Plaintiffs that can proceed *pro se* in this case. (R. & R. at 2.) This is because Carlos brought this action individually and as guardian for his son Angie and as next friend of his minor daughters Katy and Jany; however, a non-attorney *pro se* litigant cannot bring an action on behalf of his or her minor child or ward. (See id. at 2–3.)

[3] The Defendants have the following three motions pending before the Court: Defendants' Verified Motion for Award of Attorney's Fees and for Entry of Judgment (D.E. 697), Defendants' Verified Motion for Entry of Judgment for Non-Taxable Costs (D.E. 698), and Defendants' Verified Combined Motion Out of Time for an Order Pursuant to Federal Rule of Appellate Procedure 10(b)(3)(C) to Require Appellants to Prepare, Pay For and File All Portions of the Trial Transcript (D.E. 713.)

[4] Movant states that, without his knowledge or assistance, Carlos filed a *pro se* Notice of Appeal (D.E. 683.) The Notice of Appeal is signed by Carlos, Fé, and Jany. (Obj.'s at 4–5.) In other words, Angie and Katy are not parties to the appeal. Movant argues that Carlos's unilateral action amounts to a refusal "to abide by the terms of an agreement relating to the representation[.]" (Id. at 6.)

Second, Movant wholly fails to explain why he delayed in filing his Motion. The parties agree that Defendants had no objection to Movant's post-trial withdrawal on July 20, 2023—just four days after entry of final judgment. (See Obj.'s at 5, Defendants' Resp. at 1.) However, Movant did not file the Motion with the Court. Movant instead continued filing other motions on the Plaintiffs' behalf. On September 11, 2023, Movant filed Plaintiffs' Corrected Motion for New Trial (D.E. 695.) On October 25, 2023, Movant filed Plaintiffs' Response to Defendants' Motion for Fees and Costs. (D.E. 738.) On the same date, Movant—on behalf of Katy and Angie—filed Plaintiffs' Renewed Request for Additional Findings of Fact (D.E. 736) and Plaintiffs' Renewed Motion for New Trial (D.E. 737.)[5] On this record, the Court finds that Movant's September 29, 2023 Motion comes too late. The prosecution of the lawsuit will be disrupted, and substantial prejudice to the parties will result, if withdrawal is permitted at this posture.

Finally, the Court notes that Movant filed a Supplemental Notice of Permanent Appearance of Counsel (D.E. 581) on February 10, 2023. Therein, Movant agreed "to represent the plaintiffs for trial, all proceedings in the district court, and on appeal." (Id.)

---

[5] These two motions repeat the arguments made in Plaintiffs' Corrected Motion for New Trial (D.E. 695) which was dismissed for lack of subject matter jurisdiction on September 13, 2023. (See D.E. 696 at 4–5 ("In their Motion for New Trial, Plaintiffs challenge the Court's Findings of Fact and Conclusions of Law (D.E. 678.) As such, the Court lacks subject matter jurisdiction to decide the Motion for New Trial as it involves 'aspects of the case involved in the appeal.'").) The Court finds that these two motions likewise involve aspects of the case involved in the appeal, even though Katy and Angie are not parties to the appeal. As such, these two motions are due to be dismissed for lack of subject matter jurisdiction.

The Court will hold Movant to his agreement.[6] It appears that Movant has unilaterally withdrawn from the representation of Carlos, Fé, and Jany based on his recent motions, filed solely on behalf of Katy and Angie. This is not permitted. See Local Rule 11.1(d)(3).

In conclusion, the Court holds Movant to his agreement and mandates that he continue representing all plaintiffs in all proceedings in the district court.[7]

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of the Magistrate Judge (D.E. 727) is **ADOPTED**;

2. Movant's Motion to Withdraw as Counsel for Plaintiffs (D.E. 719) is **DENIED**;

3. Plaintiffs' *pro se* Notice of Opposition to Movant's Motion to Withdraw (D.E. 742) is **DENIED** as moot; and alternatively, **STRICKEN** as an unauthorized *pro se* filing;

4. Plaintiffs, Katy and Angie's Renewed Request for Additional Findings of Fact (D.E. 736) and Renewed Motion for New Trial (D.E. 737) are **DISMISSED** for lack of subject matter jurisdiction.

---

[6] The Eleventh Circuit retains jurisdiction over the appeal. If Carlos has failed to abide by the terms of the attorney-client agreement by filing a *pro se* notice of appeal, then Movant must take appropriate action in the Eleventh Circuit.

[7] Again, the proceedings on appeal are a matter for the Eleventh Circuit. The Court will note that it has no information regarding Jany's current age or eligibility to proceed *pro se*.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of November, 2023.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**