UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-21826-JAL

CARLOS A. ALONSO CANO, *et al.*,

    Plaintiffs,

v.

245 C AND C, LLC and
CFH GROUP, LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendants' Verified Combined Motion Out of Time for an Order Pursuant to Federal Rule Appellate Procedure 10(b)(3)(C) to Require Appellants to Prepare, Pay for and File all Portions of the Trial Transcript (ECF No. 713). Plaintiffs did not file a Response and the time to do so has passed.[1] The matter has been referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge, for a Report and Recommendation. (ECF No. 717). Having reviewed the Motion, the record as a whole, and being otherwise fully advised, the undersigned **RECOMMENDS** that Defendants' Verified Combined Motion (ECF No. 713) be **GRANTED**.

I.    **DISCUSSION**

    A.    **Timeliness of Defendants' Motion**

Defendants move for the Court to order Plaintiffs, Carlos A. Alonso Cano ("Carlos"), Fé

---

[1] Plaintiffs originally filed a *pro se* Response, which was stricken by the District Court. (ECF No. 717). The Response deadline for Defendants' Motion was then stayed pending resolution of Michael D. Dunlavy's Motion to Withdraw as Counsel for Plaintiffs (ECF No. 719), which was denied by the District Court on November 7, 2023. (ECF Nos. 724, 745). Accordingly, the time to respond to the Motion has passed.

Morejón Fernandez, and Jany Leidy Alonso Morejón, to prepare, pay for, and file the entire transcript of the non-jury trial in this case. Defendants first request to file the instant Motion out of time as they have not adhered to the timing requirements set forth in Federal Rule of Appellate Procedure 10(b)(3).

> Federal Rule of Appellate Procedure 10(b)(3) provides:
>
> *Partial Transcript.* Unless the entire transcript is ordered:
>
> (A) the appellant must—within the 14 days provided in Rule 10(b)(1)—file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both the order or certificate and the statement;
>
> (B) if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 14 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered; and
>
> (C) unless within 14 days after service of that designation the appellant has ordered all such parts, and has so notified the appellee, the appellee may within the following 14 days either order the parts or move in the district court for an order requiring the appellant to do so.

Fed. R. App. P. 10(b)(3).

On July 24, 2023, Plaintiffs filed a Notice of Appeal identifying eleven Orders that they intend to appeal to the Eleventh Circuit. (ECF No. 683). On August 3, 2023, Plaintiffs filed a transcript order form. (ECF No. 686). Defendants were required, by no later than August 17, 2023, to file and serve on Plaintiffs a designation of additional parts to be ordered; and, by no later than August 31, 2023, to move for an order if Plaintiffs failed to do so.

However, Plaintiffs then filed an amended transcript order form on August 24, 2023 in the District Court and on August 28, 2023 in the Eleventh Circuit. (ECF No. 693); *Carlos Alonso Cano, et al. v. 245 C&C, LLC, et al.*, Appeal No. 23-12413 (11th Cir. Aug. 28, 2023), (ECF No. 8). On August 31, 2023, Plaintiffs then moved for the Court to consider the untimely amended transcript order form, which was granted by the Eleventh Circuit. *See Carlos Alonso Cano, et al. v. 245 C&C, LLC, et al.*, Appeal No. 23-12413 (11th Cir. Sept. 7, 2023), (ECF Nos. 9, 10).

Defendants represent that they conferred with Plaintiffs on September 6 and 11, 2023, regarding portions of transcripts that Defendants believed should additionally be ordered based on Plaintiffs' Notice of Appeal. On September 22, 2023, Defendants filed the instant Motion requesting this Court to order Plaintiffs to file all portions of the trial transcript.

Defendants' Motion was due to be filed on September 20, 2023.[2] Defendants represent that defense counsel's family medical emergency prevented timely filing and justifies the Court's consideration of the Motion out of time. Federal Rule of Appellate Procedure 26(b) provides that "[f]or good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires." Fed. R. App. P. 26(b). Defense counsel represents that her grandson suffered a serious medical issue and she was assisting her family while her grandson received treatment. Because of this, Defense counsel represents that she was unable to meet the deadline of filing the instant Motion. Without opposition from Plaintiffs and having found good cause, the undersigned **RECOMMENDS** that Defendants' Motion to be considered out of time be **GRANTED**.

B.   **Merits of Defendants' Motion**

Plaintiffs filed a Notice of Appeal identifying eleven Orders that they intend to appeal to the Eleventh Circuit, including the District Court's Findings of Fact and Conclusions of Law, (ECF No. 678), and the Final Judgment, (ECF No. 679). (ECF No. 683). Defendants argue that, in appealing the District Court's Findings of Fact and Conclusions of Law and the Final Judgment, Plaintiffs are required to present the full transcript of the trial, not merely designated portions.

---

[2] The Court notes that Defendants did not file a designation of additional parts to be ordered as required by Federal Rule of Appellate Procedure 10(b)(3)(B). However, Defendants have attached to their Motion correspondence with Plaintiffs within which defense counsel raises the issue of ordering the full trial transcript to Carlos. (ECF No. 713-1). Without opposition from Plaintiffs, the undersigned finds this procedural error should not bar Defendants' Motion from being considered on the merits, considering Plaintiffs were provided notice of Defendants' asserted deficiencies of the amended transcript order form.

3

Federal Rule of Appellate Procedure 10(b)(2) provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). In this circuit, "*pro se* appellants, like appellants represented by counsel, must provide trial transcripts in the appellate record to enable [the court of appeals] to review challenges to sufficiency of the evidence." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

The trial was conducted over 10 days in June of 2023 before the District Court. Plaintiffs have ordered transcripts of several direct and cross-examinations that occurred over those dates, but have not ordered all examinations that occurred. Nor did they order transcripts for the time in trial spent outside of witness testimony.[3]

Plaintiffs' appeal of the District Court's Findings of Fact and Conclusions of Law and the Final Judgment necessarily "relate to the trial of this action, including the court's evidentiary rulings, the sufficiency of the evidence," and arguments occurring outside the testimony of the witnesses. *See Taylor v. Bradshaw, et al.*, No. 11-cv-80911-MARRA (S.D. Fla. May 18, 2016), (ECF No. 251 at 2). Yet, Plaintiffs did not order the entire transcript of the trial.

Notably, the District Court's Findings of Fact and Conclusions of Law relies on portions of the trial that Plaintiffs have not provided transcripts for, such as the direct examination of Carlos occurring on June 7, 2023 and the direct examination of Marleyn Garcia occurring on June 7, 2023. *See* (ECF No. 678 at 16–18). The District Court noted, in its Findings of Fact and Conclusions of Law, that it had "carefully considered all of the evidence, the Parties' arguments, the testimony of all of the witnesses, applicable law, and the pertinent portions of the record." (*Id.* at 38). A court

---

[3] As noted in Plaintiffs' amended trial transcript order form, the full transcript for trial on June 23 and 26, 2023 are already filed on the docket. (ECF Nos. 675, 687).

4

of appeals cannot evaluate the District Court's Findings of Fact and Conclusions of Law, which Plaintiffs have appealed, without being able to consider the entire transcript of the trial. *See Taylor v. Bradshaw*, 742 F. App'x 427, 432 (11th Cir. 2018) ("[Plaintiff's] piecemeal filing of transcripts means we lack a record of most of the trial in this case and cannot evaluate the nature and strength of the evidence introduced at trial."). Therefore, Defendants' request that Plaintiffs order the entire transcript of the trial for Plaintiffs' appeal is both reasonable and justified in this case. *See Ross v. M/Y ANDREA ARAS*, No. 05-61238-CIV, 2007 WL 1746741, at *2 (S.D. Fla. June 15, 2007) ("[A] court of appeals cannot evaluate an argument of harmless error without being able to consider the transcript of the proceedings on which such an argument is based, and so Plaintiff's cross-designation of the transcript as part of the record on appeal is both reasonable and justified in this case.").

## II. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendants' Verified Combined Motion Out of Time for an Order Pursuant to Federal Rule Appellate Procedure 10(b)(3)(C) to Require Appellants to Prepare, Pay for and File all Portions of the Trial Transcript (ECF No. 713) be **GRANTED**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 10th day of January, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE