UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-21826-JAL

CARLOS A. ALONSO CANO, *et al.*,

    Plaintiffs,

v.

245 C AND C, LLC and
CFH GROUP, LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendants', 245 C and C, LLC and CFH Group, LLC, Verified Motion to Require Plaintiffs to Post an Appeal Bond Pursuant to Federal Rule of Appellate Procedure 7 (ECF No. 758). A response was not filed, and the time do so has passed. The Motion has been referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for a report and recommendation. Having reviewed the Motion, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 758) be **GRANTED, in part**, and **DENIED, in part**.

**I.    BACKGROUND**

Plaintiffs commenced this action against Defendants alleging Defendants violated various provisions of the Fair Housing Act ("FHA"), the implied covenant of quiet enjoyment under Florida state law, and Section 83.67(1), Florida Statutes, by unlawfully turning off the water to Plaintiffs' home without warning. (ECF No. 1). Through motion practice, some of Plaintiffs'

1

claims were dismissed, and for others the District Court found Defendants were entitled to judgment. Ultimately, a bench trial was conducted on two of Plaintiffs' claims that Defendants violated the FHA by failing to provide a reasonable accommodation and that Defendants violated the FHA by refusing to permit a reasonable modification to the existing premises. In its Findings of Fact and Conclusions of Law, the Court found that Defendants were entitled to judgment on Plaintiffs' remaining two claims. (ECF No. 678 at 38). The Court entered final judgment on all counts in favor of Defendants on July 20, 2023. (ECF No. 679).

Plaintiffs filed Notices of Appeal identifying twelve Orders that they intend to appeal. (ECF Nos. 683, 728). Plaintiffs' appeals are currently pending before the Eleventh Circuit. *See Cano v. 245 C&C, LLC*, Appeal No. 23-12413 (11th Cir.); *Cano v. 245 C&C, LLC*, Appeal No. 23-13392 (11th Cir.). Defendants now move for an order requiring Plaintiffs Carlos A. Alonso Cano ("Carlos"), Fé Morejón Fernandez ("Fé"), and Jany Leidy Alonso Morejón ("Jany") to file a bond or another form of security to ensure payment of attorney's fees and costs on appeal.

II.   **DISCUSSION**

   A.   **Appropriateness of a Bond**

Federal Rule of Appellate Procedure 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. To determine whether an appeal bond is appropriate, courts generally consider the following factors: "(1) the financial ability of the appellants to post the bond; (2) the risk of the appellants' non-payment if the appeal is unsuccessful; (3) the merits of the appeal; and (4) whether the appellants have shown any bad faith or vexatious conduct." *In re Bayer Corp. Combination Aspirin Prod. Mktg. & Sales Pracs. Litig.*, No. 09-MD-2023 BMC, 2013 WL 4735641, at *1 (E.D.N.Y. Sept. 3, 2013); *HVLPO2, LLC v.*

*Oxygen Frog, LLC*, No. 4:16CV336-MW/CAS, 2019 WL 13164636, at *1 (N.D. Fla. Apr. 1, 2019). "Federal Rule of Appellate Procedure 7 'leaves both the question of the need for a bond and the amount of the bond in the district court's discretion.'" *HVLPO2, LLC*, 2019 WL 13164636, at *1. "Rule 7 bonds are to be strictly limited to the costs of filing and proceeding with a case in the court of appeals, and thus may not include an amount as surety against a judgment or costs awarded at the trial level." *Id.* (quoting *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, No. 04-CV-74891-DT, 2008 WL 2415340, at *2 (E.D. Mich. June 12, 2008)).

Defendants seek an order requiring Plaintiffs to post a bond to cover their anticipated appellate fees and costs. Defendants argue that Plaintiffs have the financial ability to post a bond, asserting that discovery in this action revealed that Carlos and Fé maintained bank and brokerage accounts that contained over $200,000.00 in assets; Carlos's bankruptcy proceedings in this District corroborate his ability to pay off any debts. Defendants do not raise any arguments regarding Jany's financial capabilities to post a bond.

Plaintiffs have failed to respond to the instant Motion, leaving Defendants' assertions that a bond is appropriate in the instant matter uncontested. Plaintiffs bear the burden of making a sufficient showing that they cannot afford the bond. *Sharbat v. Iovance Biotherapeutics, Inc.*, No. 20-CV-1391 (ER), 2024 WL 2078390, at *10 (S.D.N.Y. May 9, 2024). However, Plaintiffs have made no showing at all of their financial inability. Thus, Plaintiffs have "conceded this issue and have the financial ability to post a bond." *In re Bayer Corp. Combination Aspirin Prod. Mktg. & Sales Pracs. Litig.*, 2013 WL 4735641, at *1; *Muransky v. Godiva Chocolatier, Inc.*, No. 15-60716-CIV, 2016 WL 11601010, at *4 (S.D. Fla. Dec. 19, 2016), *report and recommendation adopted*, No. 0:15-CV-60716-WPD, 2017 WL 11220677 (S.D. Fla. Jan. 9, 2017) (noting that no evidence of an inability to pay a reasonable bond was offered in finding a bond in the amount of

$2,500.00 reasonable); *In re Enfamil LIPIL Mktg. & Sales Pracs. Litig. MDL 2222*, No. 11-MD-02222, 2012 WL 1189763, at *4 (S.D. Fla. Apr. 9, 2012) (noting the objector "did not present any evidence which disputes her ability to post a bond"). Thus, this factor weighs in favor of a bond.

Defendants argue that Plaintiffs are likely to take measures to avoid paying a judgment for attorney's fees and costs for the pending appeals. In support, Defendants rely on the fact that Plaintiffs have opposed Defendants' entitlement to costs of any kind. That Plaintiffs have disputed Defendants' entitlement to costs and fees does not evidence an intention to avoid paying costs once ordered. Other circumstances present here, however, do support such a finding.

"[A] Rule 7 appeal bond is appropriate when the bond is imposed to make sure costs on appeal are paid." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1283 (11th Cir. 2021); *see also*, 4 Newberg § 14:15 (noting a risk of nonpayment is "arguably the only pertinent factor" and thus "ought to be the primary focus" for appeal bonds) (cited with approval in *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d at 1283). The fact that Plaintiffs have not responded to the instant Motion, paid the judgment, or posted a supersedeas bond "raises serious concerns about their ability to do so." *Stillman v. InService Am. Inc.*, 838 F. Supp. 2d 138, 140 (S.D.N.Y. 2011); *DeCurtis v. Upward Bound Int'l, Inc.*, No. 09 CIV. 5378 RJS, 2013 WL 3270357, at *4 (S.D.N.Y. June 3, 2013) ("[Defendant's] conduct instills no confidence in the Court that he is willing to meet his obligations in this action. [Defendant] has not made a single payment on the judgment nor posted a supersedeas bond."). Indeed, Defendants represent that Carlos is currently in bankruptcy proceedings, further substantiating these concerns. *See Watson v. E.S. Sutton, Inc.*, No. 02 CV 2739KMW, 2006 WL 4484160, at *2 (S.D.N.Y. Dec. 6, 2006) (noting that the defendant's intention to file for bankruptcy created a "particular concern" that the defendant would not pay the plaintiff's costs). Moreover, Plaintiffs have been the subject of a

court order to pay certain costs, ordering transcripts for the entire trial, which Defendants represent that Plaintiffs have failed to pay. *See* (ECF No. 787). Thus, there is a high likelihood that if the appeal is unsuccessful, Plaintiffs will not pay Defendants' costs. *See Baker v. Urb. Outfitters, Inc.*, No. 01 CV 5440 LAP, 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006). As such, this factor weighs heavily in favor of imposing a bond.

Defendants argue that Plaintiffs' appeals have little to no merit first, as shown by the fact that both the court in the eviction case against Plaintiffs and this Court held that Plaintiffs waived their right to a jury trial by executing the lease agreement with Defendants and because all of Plaintiffs' claims were unsuccessful at various stages of litigation. The District Court in this case issued an 118-page Order regarding Defendants' summary judgment motion and a 39-page Findings of Fact and Conclusions of Law, discussing in depth Plaintiffs' claims and the legal and factual issues associated with them. (ECF Nos. 555, 678). While Plaintiffs were unsuccessful in defeating Defendants' motion for summary judgment or at trial and their appeal may not be successful, the Court is unable to conclude that Plaintiffs' appeal is frivolous, unreasonable, or without foundation at this point in time. *See Giles v. Daytona State Coll., Inc.*, No. 6:11-CV-1216-ORL-28KRS, 2013 WL 12155291, at *2 (M.D. Fla. Apr. 25, 2013).

Defendants lastly assert that Plaintiffs' vexatious nature is demonstrated by the fact that this is the third lawsuit Plaintiffs have filed against Defendants and that Plaintiffs' bad faith is shown through the assertion of FHA claims long after the statute of limitations has run. While these unrebutted assertions demonstrate some evidence of bad faith and vexatiousness, ultimately, "a demonstration of 'bad faith' or even 'vexatious conduct' is not required for a bond to be awarded." *Stillman*, 838 F. Supp. 2d at 140.

5

Weighing all of the factors, the Court concludes that an appellate bond pursuant to Federal Rule of Appellate Procedure 7 is warranted.

**B.      Amount of Bond**

Defendants seek a bond sufficient to cover their anticipated appellate fees, which they estimate to be $50,000.00 in attorney's fees. To require a plaintiff to post an appellate bond that includes anticipated attorney's fees on appeal, a court is required to determine that "the appeal is likely to be frivolous, unreasonable, or without foundation." *Young v. New Process Steel, LP*, 419 F.3d 1201, 1207–08 (11th Cir. 2005). Because, as noted above, Defendants have not demonstrated that the appeal is frivolous, unreasonable, or without foundation, the undersigned would not recommend that the Court impose a bond inclusive of attorney's fees. *See Giles*, 2013 WL 12155291, at *2 (M.D. Fla. Apr. 25, 2013) ("[T]he Court is unable to conclude that Plaintiff's appeal is frivolous, unreasonable, or without foundation at this point in time, making it inappropriate to include attorneys' fees in an appellate bond."); *Swain v. Precision Strip, Inc.*, No. 1:10-CV-2941-VEH, 2012 WL 1745515, at *2 (N.D. Ala. May 14, 2012) ("[W]hile the court believes that its decision in Defendant's favor is a sound one from a substantive standpoint, it does not view Plaintiff's appeal as groundless or 'likely to be frivolous, unreasonable, or without foundation.'"). Should the Eleventh Circuit determine that Plaintiffs have mounted a frivolous or vexatious appeal, Defendants will have the opportunity to move pursuant to Federal Rule of Appellate Procedure 38 for the remaining costs incurred as a consequence of the delay. *Muransky*, 2016 WL 11601010, at *3.

In light of the risk of Plaintiffs' non-payment if the appeal is unsuccessful, the undersigned is persuaded that the better approach is to limit the bondable costs on appeal to those enumerated in 28 U.S.C. § 1920 and Federal Rule of Appellate Procedure 39(e). *Muransky*, 2016 WL

6

11601010, at *3; *see In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d at 1284 n.30. The costs under section 1920 and Rule 39(e) include fees of the clerk, fees for printed or electronically recorded transcripts, fees for printing, costs of making copies, docket fees, costs of preparing and transmitting the record, and costs for the reporter's transcript. *See* 28 U.S.C. § 1920; Fed. R. App. P. 39(e).

Defendants estimate their costs in appellate fees to be between $5,000.00 and $7,500.00. Defendants assert this estimate is based on defense counsel's experience in prior appeals and would cover costs to obtain the remaining portions of the trial transcript and binding costs of its brief and appendix. Other than a bare assertion that this amount is necessary, Defendants fail to provide any support for their costs on appeal; thus the Court will estimate a bond that is fair and reasonable. *See In re Enfamil LIPIL Mktg. & Sales Pracs. Litig. MDL 2222*, No. 11-MD-02222, 2012 WL 1189763, at *5 (S.D. Fla. Apr. 9, 2012) (finding an appellate bond of $1,000.00 to be fair and reasonable despite movant's failure to substantiate specific costs); *Curtis & Assocs., P.C. v. L. Offs. of David M. Bushman, Esq.*, No. 09-CV-890 KAM RER, 2011 WL 917519, at *4 (E.D.N.Y. Mar. 9, 2011) (finding an appellate bond of $5,000.00 to be reasonable and necessary to ensure payment of costs on appeal where movant failed to substantiate specific costs). The Court finds that, the lower end of Defendants' estimation, $5,000.00, would be sufficient to cover any such taxable costs, and is fair and reasonable considering the risk of Plaintiffs' nonpayment. *In re Bayer Corp. Combination Aspirin Prod. Mktg. & Sales Pracs. Litig.*, 2013 WL 4735641, at *3; *Muransky*, 2016 WL 11601010, at *4 (finding $2,500.00 bond fair and reasonable).

### III.    RECOMMENDATIONS

Accordingly, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Require Plaintiffs to Post an Appeal Bond Pursuant to Federal Rule of Appellate Procedure 7 (ECF

No. 758) be **GRANTED, in part**, and **DENIED, in part**. The undersigned further **RECOMMENDS** that Plaintiffs be required to post an appellate bond in the amount of $5,000.00.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 10th day of June, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Joan A. Lenard
      Counsel of Record