## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21826-CV-LENARD/LOUIS

CARLOS A. ALONSO CANO, et al,

      Plaintiffs,

v.

245 C and C, LLC and CFH GROUP, LLC,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on Defendants' (245 C and C, LLC, and CFH GROUP, LLC) Verified Motion for Award of Attorney's Fees and for Entry of Judgment (ECF No. 697), and related Motion for Non-Taxable Costs (ECF No. 698). Plaintiffs filed a Response to Defendants' Motion for Fees and Costs (ECF No. 738), to which Defendants replied (ECF Nos. 743, 744). This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for Report and Recommendation. (ECF No. 717). Having reviewed the pleadings and being otherwise duly advised on the matter, the undersigned **RECOMMENDS** that Defendants' Motions be **DENIED**.

## I.    BACKGROUND

Plaintiffs resided in an apartment owned and/or controlled by Defendants from 2011 to 2021.[1] On May 6, 2019, Plaintiff Carlos Cano, through counsel, initiated this suit by filing a

---

[1] Facts in this section are drawn from the Court's Findings of Fact and Conclusions of Law following a bench trial conducted in June of 2023 (ECF No. 678).

complaint alleging myriad Fair Housing Act ("FHA") violations as well as violations of Florida law. This was Plaintiff's third lawsuit filed against Defendants in this District. This Court granted Defendant's first motion to dismiss and granted Plaintiff leave to file an amended complaint, warning that it might be the only chance afforded to correct specific procedural and pleading deficiencies. (ECF No. 43).

The amended complaint adds as plaintiffs Carlos Cano's disabled son ("Angie"), his daughters, and his wife. Collectively, Plaintiffs alleged that Defendants discriminated against Angie and his family in violation of the FHA, 42 U.S.C. § 3604, in the following counts:

- Count One: failing to provide a reasonable accommodation, specifically, an assigned handicapped parking space.

- Count Two: refusing to provide pedestrian paths suitable for Angie.

- Count Three: refusing to permit a reasonable modification to the premises, specifically, to Angie's bathroom.

- Count Four: refusing a reasonable accommodation, specifically, to refinish Angie's bathtub without toxic substances.

- Count Five: refusing a reasonable accommodation, specifically, removing noisy equipment near Plaintiffs' residence.

- Count Six: refusing to permit Plaintiffs to keep tape on the glass doors and windows of the residence.

- Count Seven: refusing to repair broken laundry machines.

- Count Eight: failing to provide notice before turning off Plaintiffs' water.

Plaintiffs further alleged that Defendants violated the FHA, 42 U.S.C. § 3617, in the following counts:

- Count Nine: retaliating against Plaintiffs for instituting a HUD investigation.

- Count Ten: allowing OnCall Parking to harass Plaintiffs.

- Count Eleven: engaging in intimidation and retaliation by instituting eviction proceedings in retaliation for Plaintiffs' filing of a complaint with HUD.

- Count Twelve: engaging in intimidation and retaliation by appealing the state court's judgment of retaliatory eviction.

- Count Thirteen: engaging in intimidation and retaliation by threatening to raise Plaintiffs' rent.

- Count Seventeen: Committing familial discrimination by shutting off Plaintiffs' water.

- Count Eighteen: Failing to maintain the laundry facilities.

- Count Nineteen: Refusing to allow Plaintiffs to tape the apartment's glass doors and windows.

Plaintiffs allege similar claims under Chapter 83 of the Florida Statutes in the following counts:

- Count Fourteen: permitting other tenants to make excessive noise, failing to maintain laundry facilities, failing to provide notice of entry to Plaintiffs, and attempting to fumigate despite warnings that Angie was allergic.

- Count Fifteen: violating Section 83.67(1), Florida Statutes, by turning off the water to their apartment without warning.

- Count Sixteen: violating Section 83.51, Florida Statutes, by refusing to maintain the laundry facilities and failing to repair the pedestrian paths.

On November 25, 2019, the District Court granted Defendants' second motion to dismiss, in part, and dismissed seven of the Counts (Two, Six, Seven, Eight, Seventeen, Eighteen, and Nineteen) with prejudice. In a 64-page Order, the Court examined each of the Counts for sufficient legal basis and factual allegations. (ECF No. 90). The Court concluded that Plaintiffs' remaining counts were sufficient to state the subject cause of action. Defendant moved for reconsideration of the Court's Order denying the Motion to Dismiss, as to Count 9; the Court denied that Motion (ECF No. 118). Thereafter, Plaintiffs' counsel was permitted to withdraw, and Plaintiffs continued *pro se*.

3

Discovery was actively litigated and complex. By way of example, Defendants sought and received permission from the Court to exceed the number of depositions permitted under Federal Rule of Civil Procedure 30. (ECF No. 297). Multiple discovery hearings—weekly hearings, at the end of the discovery period—were conducted by then Chief Magistrate Judge John O'Sullivan. Plaintiffs prevailed on some (but not most) of the disputes resolved by Judge O'Sullivan at the discovery hearings. (ECF Nos. 186, 191, 230). Plaintiff Cano was ordered to pay an award of $3,000 to Defendant for fees incurred in relation to one such dispute.

Defendants filed two dispositive motions on November 16, 2020. In their Motion for Judgment on the Pleadings, Defendants sought judgment on Counts 13, 15 and 16 (ECF No. 368). The Court granted the Motion with respect to Count 13, which alleged that Defendants retaliated against Plaintiffs for defending themselves in a previous eviction action Defendants had filed in state court. The Court determined that the claims and defenses in that suit did not allege FHA violations and accordingly could not support the retaliation claim as pled. As to Count 15, the Court found the allegations raised in the complaint were insufficient to state a claim for interruption of utilities in violation of Section 83.67(6), Florida Statutes, in light of Plaintiffs' concession that they do not know the reasons for turning off the water to Plaintiffs' apartment on the dates alleged. Addressing the implicit discrepancy between its conclusion that the claim could not stand with its prior decision that Plaintiff *had* stated a cognizable claim, the Court observed that Defendants had not raised either argument on which the Court based its later ruling in their prior motion to dismiss. Finally, the Court dismissed Count Sixteen as an impermissible shotgun pleading.  (ECF No. 438).

 Defendants simultaneously moved for summary judgment (ECF No. 364). Plaintiffs' *pro se* response in opposition was facially deficient, as they failed to respond, as required by Local

4

Rule 56.1, to Defendants' statement of material facts. The Court struck the response and, in the absence of any properly presented opposition, deemed Defendants' statement of material facts as uncontroverted. The Court initially granted summary judgment in Defendants favor on all counts (ECF No 468), entered final judgment and closed the case.

Plaintiffs moved to amend the judgment and reopen the case. The Court granted the motion on its finding that the *pro se* Plaintiffs had not been given adequate notice of the rules governing summary judgment motion. Thus the Court reinstated the summary judgment motion and gave Plaintiffs another chance to respond (over Defendants' objection) (ECF No 483). Ultimately, the Court granted summary judgment on Counts Four, Five, Nine, Ten, Eleven, Twelve, and Fourteen. The Court cited the lack of evidence in support of Plaintiffs' position and their failure to rebut Defendants' arguments as grounds for granting the motion.[2] (ECF No. 555). The Court denied the Motion on Counts One and Three, which the Court concluded presented genuine issues of material fact for trial.

In January of 2023, upon *sua sponte* review of the record, the Court Ordered Plaintiffs to retain counsel to appear for the minor daughters and Angie, as the law prohibits the *pro se* representation of minors or dependents by their non-lawyer parents. (ECF No. 575). In February of 2023, counsel Dunlavy appeared and has represented Plaintiffs through trial and represented them through the briefing on this Motion.[3]

A bench trial was conducted in June of 2023. The Court bifurcated the triable issues into first, determining whether a request for reasonable accommodation had been made within the

---

[2] Leading up to the Court's decision, the Parties filed a flurry of challenges to each other's fact and evidence. Relevant here, the Court denied Defendants' objections and motion to strike, deeming the filings "unnecessary because the Court 'understands its responsibilities at the summary judgment stage and is capable of determining whether Plaintiff's purported disputes'" of Defendants' facts are supported or otherwise compliant with relevant rules. (ECF No. 555 at 12 n.8).

[3] Counsel has since been permitted to withdraw.

FHA's limitations period (Phase One); and second, whether any such request was reasonable and necessary (Phase Two). The Court determined at Phase One that the only request had been made well beyond the limitations period. The Court found that Plaintiff Carlos Cano's testimony that he had made two requests in 2017 was not credible; rather, the Court credited the contrary testimony of other witnesses who denied that the events occurred as Plaintiff claimed. (ECF No. 678). Final judgment was entered in Defendants' favor.  (ECF No. 679).

Defendants' Motions for Fees and Motion for Non-Taxable costs followed.

## II.    DISCUSSION

Defendants identify four grounds to support their entitlement to fees: (1) 42 U.S.C. § 3613(c)(2) of the FHA; (2) the Florida Landlord Tenant Act, Fla. Stat. § 83.48; and (3) the lease agreement between the parties, and to a lesser degree, (4) Florida's Offer of Judgment statute, Fla. Stat. § 768.79.

### A.    The Motion Is Not Premature

As a preliminary matter, Plaintiffs argue that the motion is premature because Defendants have not obtained a favorable determination on the merits, citing *Powell v. Morgan Property Solutions, Inc.*, No. 18-cv-624-Orl-41, 2020 WL 11362249 (M.D. Fla. June 30, 2020), *report and recommendation adopted*, 2020 WL 11361258 (M.D. Fla. July 16, 2020). In *Powell*, the court declined to award attorney's fees to the defendant after dismissing the case as a sanction for plaintiff's refusal to appear at his deposition and failure to comply with court orders; the court observed that dismissal "had nothing to do with the merits" of plaintiff's claim. *Id.* at *9. By contrast, Plaintiffs' dismissed claims here were all dismissed with prejudice, which is a decision on the merits. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) ("The phrases 'with prejudice' and 'on the merits' are synonymous terms . . . ."); *Hopkins v. JP*

*Morgan Chase Bank, N.A.*, No. 12-cv-1743-Orl-40, 2014 WL 3747314, at *2 (M.D. Fla. July 29, 2014) ("When an action or claim is dismissed 'with prejudice,' the dismissal acts as an adjudication on the merits."). Plaintiffs' contention that this is not an adjudication on the merits is incorrect. *See Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (concluding that an order granting a 12(b)(6) dismissal with prejudice constitutes an adjudication on the merits and that the "contention that a judgment on the merits occurs only when the rendering court has addressed the substance of every claim to be later precluded is baseless").

"A judgment rendered upon a motion for summary judgment is a final judgment on the merits and is entitled to the full preclusive effect of any final judgment." *Bazile v. Lucent Techs.*, 403 F. Supp. 2d 1174, 1181 (S.D. Fla. 2005). The Court here considered each of Plaintiffs' contentions and, finding a lack of evidentiary support, granted Defendants' motion for summary judgment on all but Counts One and Three. The Court granted Final Judgment in favor of Defendants on Counts One and Three following a bench trial. (ECF No. 679 at 1). Plaintiffs argue that neither Count One nor Count Three resulted in an adjudication on the merits. (ECF No. 738 at 11). Plaintiffs argue, without citation to legal authority, that by not conducting the second phase of trial, the Court has not fully adjudicated their claims on the merits. In fact, the Court has fully decided all claims presented in this case and disposed of them on the merits. *Cf. Davis v. United States*, No. 21-CV-61155, 2022 WL 748947, at *3 (S.D. Fla. Feb. 23, 2022) (concluding that the grant of summary judgment does not constitute a final judgment when based solely on a determination that plaintiffs failed to join an indispensable party).

**B.      Defendant's Motion for Attorney's Fees for Plaintiff's FHA Claims**

In the United States, it is the general rule that in the absence of explicit statutory authority, litigants must pay their own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va.*

*Dep't of Health & Hum. Res.*, 532 U.S. 598, 602–03 (2001). The FHA allows the court, in its discretion, to award reasonable attorneys' fees to the prevailing party. 42 U.S.C. § 3613(c)(2) ("In a civil action under subsection (a), the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs.").

To determine whether the Defendants were the prevailing parties in this action, the Court examines whether the district court's judgment rebuffed Plaintiffs' efforts to effect a material alteration in the legal relationship between the parties. *See B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019), *cert. denied*, 141 S. Ct. 618 (2020). In other words, the Court conducts a practical examination of whether "the case [was] resolved in the defendant's favor." *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 432 (2016).

If a defendant is deemed to be a prevailing party, that defendant may recover fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The *Christiansburg* standard is applied more stringently where prevailing defendants seek attorneys' fees from *pro se* plaintiffs. *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims."). "Courts distinguish between represented and unrepresented litigants in assessing attorney's fees because '*pro se* plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim.'" *Charnley v. Town of S. Palm Beach*, No. 13-CV-81203, 2015 WL 12999751, at *2 (quoting *Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987)).

i.       **Bad Faith**

Though Defendants' Motion acknowledges the *Christiansburg* standard, Defendants lead with an argument apparently premised on Rule 11 of the Federal Rules of Civil Procedure. Rule 11 sanctions may be imposed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Defendants argue that Plaintiffs brought and maintained this suit in bad faith, evidenced by their prior attempts to sue Defendants, Carlos Cano's inconsistent and uncorroborated testimony at deposition and at trial, and his attempt to influence the testimony of a witness he hoped would corroborate (or at least not contradict) his evidence of making requests for reasonable accommodations within the limitations period.

Defendants' accusation of bad faith is directed particularly at Plaintiff Carlos Cano for bringing claims that had no factual merit. While Defendants fervently accuse Cano of "stealth" and "scheming" to conceal or fabricate evidence of his claims, the Motion fails to substantiate the accusations with citations to the record. For example, Defendants' accusation that Plaintiffs filed suit employing a "game plan [that] included stealth" is predicated on Plaintiffs' failure to plead a more precise date range to identify when he made certain accommodation requests. (ECF No. 697 at 6–7). The failure to plead the dates with greater specificity hardly substantiates a finding of bad faith. Similarly, Defendants' accusation that Carlos Cano fabricated testimony in order to evade summary judgment on the statute of limitations affirmative defense largely relies on the incompleteness of his answers to Defendants' discovery requests as compared to his testimony at

trial.[4] Defendants argue that had he been more precise in his answers to discovery, they would have been able to defeat Counts One and Three on statute of limitations grounds. In Response to this Motion, Plaintiffs' counsel argues that the vagueness of Cano's earlier answers is at least partially attributable to the vagueness of questions (or interrogatories) to which his testimony responded. The undersigned further observes that Plaintiffs engaged in discovery *pro se* and finds that their uncounseled discovery responses do not demonstrate the bad faith that Defendants urge.

Though Defendants would have this Court find that Plaintiffs prosecuted this suit in bad faith, the Court may not simply reach that conclusion without explaining in some detail *how* it arrived at that conclusion. *See Bates v. Islamorada, Vill. of Islands*, No. 04-10114-CIV, 2007 WL 2113586, at *5 (S.D. Fla. July 23, 2007) (exercising discretion to deny fee request to prevailing party whose summary judgment motion was granted only days before the scheduled trial date). Defendants' shotgun style attack on Plaintiffs' conduct throughout litigation—arguing that everything from Plaintiffs' filings in other suits, to their late appearance at trial and pursuit of untimely appeals, is evidence of bad faith—fails to identify the specific evidence on which Defendants would have this Court make a finding of bad faith. Moreover, this Court has not previously made any prior finding of bad faith, notwithstanding its determination that Cano's trial testimony that he made requests for accommodations within the limitation period was not credible.

Viewed objectively, the record reveals that Plaintiffs' claims were sincerely, if unsuccessfully, litigated. Indeed, it is hard to agree with Defendants' accusations of bad faith considering that Plaintiffs' claims partially survived a motion to dismiss. Further indication of their good faith may be drawn from the serious consideration the Court gave to their claims, both on dispositive motions and in the multitudes of discovery disputes heard by Magistrate Judge

---

[4] Defendants, as movants here, attached neither the contested answers nor trial transcript for comparison.

O'Sullivan. Stripped of its unsupported accusations, the Motion fails to support Defendants' request for fees based on a finding of bad faith.

### ii. Frivolity

The Court may in its discretion award fees to Defendants upon a finding of frivolity. Frivolity determinations are made case-by-case. *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995). The focus of the frivolity inquiry is "whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). Three factors guide the inquiry: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.*

Defendants argue that Plaintiffs failed to establish a prima facie case, rejected Defendants' settlement offers, and only made it to trial by obfuscating the true dates on which their request for accommodation was made. Defendants have not endeavored to analyze Plaintiffs' claims separately under the *Sullivan* factors. The undersigned has. Although Defendants prevailed on all FHA claims asserted, that does not lead me to conclude that all of the claims were frivolous.

### a. Prima Facie Case

Beginning with the first *Sullivan* factor, Plaintiffs did not establish a prima facie case on most of their claims. A "prima facie case" is defined as a "party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Prima Facie Case*, BLACK'S LAW DICTIONARY (11th ed. 2019). If a plaintiff's claims are dismissed under 12(b)(6), he or she has failed to establish a prima facie case. *See Beach Blitz Co. v. City of Miami Beach, Fla.*,

13 F.4th 1289, 1303 (11th Cir. 2021) (concluding that because plaintiffs failed to assert the violation of a substantive right, the claims should be dismissed).

Counts Two, Six, Seven, Eight, Seventeen, Eighteen, and Nineteen were dismissed with prejudice. (ECF No. 90). The Court found that Count Two was not actionable under the FHA; that Count Six required the Court to speculate; that Counts Seven and Eight were conclusory assertions that did not explain why Angie's disability required Defendants to fix the laundry facilities; and that Counts Seventeen, Eighteen, and Nineteen failed to allege familial discrimination because Plaintiffs alleged no facts demonstrating a disparate impact to them caused by Defendants' policies. This supports a finding that Plaintiffs did not establish a prima facie case on these claims and weighs in favor of a frivolity finding. *See Lobo*, 704 F.3d at 893; *Sullivan*, 773 F.2d at 1189.

A plaintiff who defeats a motion to dismiss is not immune from a frivolity determination if he then fails to establish a prima facie case at summary judgment. *Charnley*, 2015 WL 12999751, at *2. The District Court granted summary judgment on Counts Four, Five, Nine, Ten, Eleven, and Twelve. (ECF No. 555). The Court held that the undisputed facts as to Count Four established that Plaintiffs' request to repaint the bathtub in a guest room was not a necessary accommodation under the FHA. (*Id.* at 75). As to Count Five, the Court found that "there is no evidence that Defendants knew Angie suffered from a disability . . . such that the requested accommodation was necessary." (*Id.* at 81). The Court held that no reasonable jury could find that Plaintiffs had an objectively reasonable and good faith belief that the conduct they protested in Count Nine was unlawful, noting Plaintiffs had failed to establish a prima facie case of retaliation under the FHA. (*Id.* at 91–92). As to Count Ten, the Court found that "[t]here is no evidence that Defendants' legitimate, nondiscriminatory reason for the emails and text messages was pretext for a discriminatory motive." (*Id.* at 98). The Court held that the admitted facts and record evidence establish that

Defendants initiated eviction proceedings *before* Plaintiffs filed their HUD complaint, and thus the retaliation claim in Count Eleven lacked a causal connection. (*Id.* at 100–01). The Court found that "the premise of Count Twelve is demonstrably false," and that Plaintiffs presented no evidence that Defendants appealed the county court judgment to intimidate or retaliate against Plaintiffs, especially considering that Defendants were successful on appeal. (*Id.* at 103). Findings of frivolity are generally sustained when plaintiffs introduce no evidence in support of their position at summary judgment. *Head*, 62 F.3d at 355. The Court's Order on summary judgment notes Plaintiffs' pervasive absence of supporting evidence for their claims and reveals Plaintiffs' failure to establish their prima facie case on these claims.

However, a frivolity finding is inappropriate when plaintiffs offer even weak or self-serving evidence. *See Davis v. Carl*, 906 F.2d 533, 536–37 (11th Cir. 1990) (reversing award of sanctions on the basis that they were factually groundless, when plaintiffs' testimony was offered to support the claims). Counts One and Three survived summary judgment and went to trial. In addition to finding that Plaintiffs had adduced evidence that they made a request for accommodation that was denied during the limitations period, the Court found a genuine dispute of fact on Count One—specifically, whether a reserved handicapped parking space would ameliorate Angie's disability, and whether the requested accommodation was reasonable. On Count Three, the Court recognized that the evidence that Plaintiff Cano made a request to modify Angie's bathroom was weak—he could not recall the date in 2017 that he made the request—but noted that Plaintiffs made a second request to modify the bathroom in 2018, a request that was granted a day later. Plaintiffs' second request was made, the Court noted, after Defendants terminated Plaintiffs' lease in 2017 and ordered them to move out. A reasonable jury could have concluded from the evidence that Plaintiffs

13

decided not to move ahead with the bathroom modification because they were uncertain whether Defendants would permit them to remain in the apartment.

Notwithstanding, Plaintiffs lost both claims at trial. At Phase One of the trial, the Court found that no request for accommodation had been made during the limitations period, entitling Defendants to judgment on these counts. The Court determined that Plaintiff Carlos Alonso's testimony was not credible in light of observations of him as he testified at trial, his embellishment of the underlying facts, his inconsistent testimony, and the conflicting testimony of other credible witnesses. (ECF No. 678 at 17).

Yet the claims were not objectively frivolous. Significantly, "[a] case may be weak, but as long as it is not 'without circumstantial foundation,' it is not frivolous." *Barnhart v. Lamar Advert. Co.*, 523 F. App'x 635, 638 (11th Cir. 2013) (quoting *Hudson v. Int'l Comput. Negotiations, Inc.*, 499 F.3d 1252, 1265 (11th Cir. 2007)). And that is precisely the case here. To be sure, Plaintiffs' case was weak, but it was not frivolous or egregious given that it had at least minimal circumstantial foundation—albeit inadequate evidence to show that the claims arose within the limitation period. *See Daneshpajouh v. Sage Dental Grp. of Fla.*, PLLC, 19-CV-62700, 2023 WL 5132835, at *6 (S.D. Fla. June 20, 2023), *report and recommendation adopted*, 2023 WL 4676002 (S.D. Fla. July 21, 2023).

Defendants contend that Count One was frivolous as a result of their success on the statute of limitations defense, citing in support *Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). However, not only did *Clark* not reach the question of whether a meritorious affirmative defense renders a claim frivolous, the court's inquiry arose in the context of screening for *pro se* prisoner litigation under 28 U.S.C. § 1915. In the context of sanctions, the

Eleventh Circuit has noted the important difference between claims that are merely weak and those for which no evidence is adduced:

> In *Collins*, we affirmed the district court's imposition of Rule 11 sanctions in a case in which the appellant offered *no* cognizable evidence of a conspiracy between any of the defendants. The evidence in *Collins* was patently frivolous; the evidence in the instant case was merely weak. We might agree that the appellants used poor judgment in pursuing their allegations. We do *not* perceive in the appellants' conduct, however, the deliberate indifference to obvious facts that compels a court's resort to Rule 11 sanctions. We hold, therefore, that the district court abused its discretion by concluding that the appellants' claims were factually groundless.

*Davis*, 906 F.2d at 537 (cited by Defendants, ECF No. 697 at 9). Plaintiffs here did adduce evidence, albeit weak and largely consisting of their own uncorroborated testimony. Despite Defendants' characterization of the Court's findings, there is no indication that the Court found Plaintiffs' testimony to be "absolutely incredible and pure fabrication." *Sullivan*, 773 F.2d at 1190. Absent express indication that the Court found Plaintiffs' testimony to be pure fabrication, a finding of frivolity here cannot be sustained. *See id.*

Examining Plaintiffs' claims individually, the first *Sullivan* factor weighs in favor of frivolity for many of Plaintiffs' claims, but not most of them, numerically speaking at least. And the number of claims dismissed does not necessarily correlate to how much of Defendants' efforts were dedicated to defending those claims, as opposed to the non-frivolous claims they defended through trial; an issue that is addressed further below.

### b.      Defendants' Offer to Settle

Whether the defendant offered to settle is a relevant factor in making the frivolity determination. *Sullivan*, 773 F.2d at 1189. "Where a defendant offers a settlement, even if nominal, such is a factor weighing in favor of plaintiff's claim." *Charnley*, 2015 WL 12999751, at *3 (internal quotations and brackets omitted); *see also Angiolillo v. Bates*, No. 08-CV-606, 2010 WL 916377, at *6 (M.D. Fla. Mar. 11, 2020); *Sayers v. Stewart Sleep Ctr., Inc.*, 140 F.3d 1351, 1354

(11th Cir. 1998). If the defendant never offers to settle, a finding of frivolity is well founded. *See Head*, 62 F.3d at 356.

After discovery was taken and before dispositive motions were filed, Defendants served all Plaintiffs with combined Offers of Judgment under Rule 68 and Proposals for Settlement under Section 768.79, Florida Statutes, on all pending claims (12 of the 19 filed). (ECF No. 697 at 15). Peculiarly, Defendants argue that their offers to settle weighs in favor of a finding of frivolity. They are wrong. *See, e.g.*, *Charnley*, 2015 WL 12999751, at *3; *Beach Blitz Co.*, 13 F.4th at 1303 (finding second *Sullivan* factor weighed in favor of finding of frivolity because the city never offered to settle). Defendants' settlement offers weigh against a finding that Plaintiffs' claims were frivolous.

### c.      Whether Plaintiffs' Claims Were Dismissed Prior to Trial

Whether the case was dismissed prior to trial or after a full-blown trial on the merits is relevant to the frivolity inquiry. *Sullivan*, 773 F.2d at 1189. If the defendant prevails on a motion to dismiss or summary judgment, that weighs in favor of a frivolity finding. *Bates*, 2007 WL 2113586, at *6. However, winning on summary judgment does not necessarily mean that plaintiff's claims were frivolous. *Id.* "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." *Hughes v. Rowe*, 449 U.S. 5, 15–16 (1980). In other words, if plaintiff's claims require careful attention and review, they are not frivolous even if the defendant prevails before trial. *See Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1559 (11th Cir. 1995).

*Bates* is instructive. There, the court denied defendants' motion to dismiss in its entirety, signifying that plaintiffs' claims were meritorious and further investigation was required. *Bates*, 2007 WL 2113586, at *8. Summary judgment might not have even been granted but for the court

raising an issue that the defendant failed to recognize. *Id.* The court noted that a "lengthy, time-consuming, and sometimes complex analysis . . . was necessary to analyze the merits of all three of Plaintiffs' claims." *Id.* at \*7. "Based on that factor alone, the Court conclude[d] that Plaintiffs' claims, although ultimately unsuccessful, were not unreasonable, frivolous [or] meritless . . . ." *Id.*

In *Sullivan*, the Eleventh Circuit reversed the trial court's determination that plaintiff's claims were frivolous after a nine-day bench trial because, even though plaintiff ultimately lost, she presented evidence at trial that, "if believed would be sufficient evidence from which a trier of fact could have reasonably inferred that her problems with her coworkers and her subsequent termination were the result of her male coworkers' sexist and antisemitic attitudes rather than their legitimate complaints about her performance." 773 F.2d at 1190. But the court explained that it did not hold, or suggest, "that a finding of frivolity cannot be sustained if the case has gone to trial." *Id.* at 1189.

Here, seven of Plaintiffs' FHA claims were defeated at summary judgment for lack of evidence. (ECF No. 555). Plaintiffs opposed the motion *pro se*. Yet the resulting 118-page Order carefully examined all evidence advanced in support of Plaintiffs' claims. The Court's careful and thorough analysis weighs against a finding of frivolity. *See Bates*, 2007 WL 2113586, at \*7. A review of the District Court's dispositive orders reflects that although Plaintiffs' claims were without merit, they were not so lacking in merit as to warrant sanctions. *See Wood v. Briarwinds Condo. Ass'n Bd. of Dirs.*, No. 08-10096-CIV, 2009 WL 10667846, at \*3 (S.D. Fla. Sept. 30, 2009) (denying motion for fees brought by prevailing defendant in FHA claims).

In sum, the first and third *Sullivan* factors weigh in favor of a finding of frivolity with respect to those claims that were resolved on Defendants' motion to dismiss (Counts Two, Six, Seven, Eight, Seventeen, Eighteen, and Nineteen); the remainder of Plaintiffs' FHA claims either

proceeded to trial or were afforded significant and careful attention by the Court, and thus the factors weigh against a finding of frivolity for all of the remaining claims. The undersigned also notes here that Plaintiffs participated in discovery and defended against summary judgment without the benefit of counsel, and the Court should not assume that the Cano family had the same ability during that period as they did when they were represented.[5]

Defendants' aggressive litigation of these claims belies the absence of frivolity as well. Defendants noticed dozens of hearings over discovery disputes, moved for reconsideration of the Court's order on their motion to dismiss, and opposed the motion to reopen the case following entry of summary judgment. That such efforts were warranted to successfully defend these claims dissuades the undersigned from agreeing with Defendants that the claims were frivolous. Accordingly, I do not recommend that the Court shift fees and costs incurred in defense of the claims that proceeded to summary judgment or trial.

As previously noted, Defendants' Motion does not attempt to analyze their entitlement to fees incurred by each Count, but rather, generally argue that the entire case was meritless as demonstrated by the Court's resolution of 17 of the 19 counts prior to trial (ECF No. 697 at 12). A prevailing defendant may only recover reasonable attorney's fees that arise from a frivolous claim; non-frivolous claims, even those that are unsuccessful, are not compensable. *See Fox v. Vice*, 563 U.S. 826, 836 (2011). A defendant is entitled to attorney's fees under § 1988 "incurred because of, but only because of, a frivolous claim." *Id.* "[I]f a frivolous claim occasioned the attorney's fees at issue, a court may decide that the defendant should not have to pay them. But if the defendant would have incurred those fees anyway, to defend against non-frivolous claims, then a court has no basis for transferring the expense to the plaintiff." *Id.* (emphasis omitted). "At the

---

[5] It is worth noting that two different attorneys agreed to pursue Plaintiffs' claims, at both the beginning and the end of the litigation.

same time, the 'but-for' standard [courts] require may in some cases allow compensation to a defendant for attorney work relating to both frivolous and non-frivolous claims." *Id.* at 837. "[T]he dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous allegation." *Id.* at 838.

Defendants have not demonstrated that the fees and costs related to their defense of the claims that progressed to summary judgment or even trial would not have been incurred but for the arguably frivolous claims. Nor could they. The Court's Order on the Motion to Dismiss was filed on November 25, 2019; the motion for summary judgment was not filed for another year, during which time the Parties actively pursued discovery. The trial was conducted in June of 2023. The fees and costs incurred in the four years of litigation since the Court's Order on the Motion to Dismiss are not in any way attributable to the defense of those claims.

To the extent the work performed by counsel *prior* to the Court's entry of that Order was intertwined with the work necessitated by the arguably frivolous claims, Defendants have not explained that nor advanced evidence to support a finding that the costs were so intertwined. Defendants merely assert that the Court need not "untangle the FHA claims" from those arising under state law because, Defendants aver, all claims "arose from the same common nucleus of operative facts" and thus the Court may award their fees without apportioning attorney time incurred as a result of defending the FHA claims in particular. (ECF No. 697 at 13–15). Peculiarly, Defendants advance as support for this proposition Judge Marra's opinion in *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-81782-CIV, 2018 WL 4924166, at *2 (S.D. Fla. Apr. 4, 2018). There, Judge Marra concluded that defendant's entitlement to fees, based on its success on one claim to which fee-shifting applied, did *not* justify its entitlement to fees incurred relating to the other claims. Similarly here, though the *Sullivan* factors weigh in favor of a finding of frivolity on

Plaintiffs' dismissed claims, Defendants have not demonstrated entitlement to an award of *all* fees and costs incurred throughout the litigation.

Accordingly, I recommend that no fees or costs be shifted to Defendants as prevailing parties on the FHA claims.

### C.    State Law Claims

Defendants argue that their demand for attorney's fees is alternatively supported by the 2016 Lease Agreement between the Parties. The Agreement is not attached to Defendants' Motion; Defendants cite to it as a trial exhibit, without docket citation. Assuming Defendants have accurately quoted from the Lease Agreement, it entitles the prevailing party in an action "to enforce this Agreement" to reasonable attorney's fees and costs. (ECF No. 697 at 16). Defendants are, as noted above, the prevailing party in this action; whether and to what extent this was an action "to enforce" the Lease Agreement is another question.[6]

Defendants argue that the original complaint is "riddled with references to the landlord/tenant relationship," but only Count 14 of the operative complaint even arguably sought to enforce the Lease Agreement,[7] in so far as Plaintiffs alleged that Defendants had breached the covenant of quiet enjoyment implied in the Lease Agreement. (ECF No. 697 at 16).  As noted in this Court's Order on summary judgment, "every lease carries an implied covenant of peaceable and quiet enjoyment." (ECF No. 555 at 107) (citing *McClosky v. Martin*, 56 So. 2d 916, 918 (Fla. 1951)).

---

[6] Yet another question arises with respect to the enforceability of the Lease Agreement. The Court's Findings memorialize the fact that Defendants terminated the Lease in 2017. Defendants have not addressed the termination of the Lease or its impact on the prevailing party provision.

[7] Defendants acknowledged this in their Reply to Plaintiffs' facts advanced in opposition to summary judgment ("The only claim remaining in the SAC related to the parties' landlord-tenant relationship [is] Count 14.") (ECF No. 520 at 1).

In their Response, Plaintiffs argue that it would be "incongruous" to allow entities such as Defendants to enforce a fee-shifting contract against a plaintiff who brings an FHAA lawsuit in good faith. Plaintiff relies on *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262 (4th Cir. 2013), where the Fourth Circuit affirmed a district court's decision to not award fees to a prevailing Defendant in a FHA suit. Having determined that the claims were not frivolous under *Christiansburg*, the court declined to award fees sought on the basis that the lease had a prevailing-party provision. The Fourth Circuit affirmed:

> In light of the public policy objectives inherent in encouraging private plaintiffs to seek redress of FHAA violations, it would be incongruous to allow bodies such as the HOA to enforce by contract an attorneys' fees provision against a plaintiff who has brought an FHAA action in good faith. Such a provision, if enforced by the courts, would have the natural and counterproductive effect of dissuading individuals from filing an FHAA lawsuit when they have a reasonable basis on which to assert their claims. Based on these considerations, we conclude that the district court did not err in refusing to award attorneys' fees and costs to the defendants based on the fee provision in the covenants.

*Id.* at 276. The Fourth Circuit's opinion is not controlling, but the reasoning is compelling and applicable here. Defendants do not offer any basis in their Reply to reject *Scoggins* or reach a contrary result in this case. Even if the Lease provision applied to this suit,[8] I would not recommend that the Court rely on it to shift Defendants' fees and costs to these Plaintiffs.

Finally, Defendants aver that the offers of judgment served on Plaintiffs on September 28, 2020, provide an alternate source of authority for an award of fees and costs. Though the Motion does not expressly identify the offers of judgment as one of the enumerated bases authorizing an award of attorneys' fees, as framed in the Memorandum of Law (ECF No. 697 at 4), the offers are attached to the Motion and mentioned in a single paragraph of the Motion. Defendants argue that the offers of judgment made pursuant to Section 768.79, Florida Statutes, authorize fees and costs

---

[8] Defendants alternatively offer § 83.48, Florida Statutes, as authority for their demand of attorney's fees, but their memorandum advances no argument for its applicability independent of their reliance on the Lease Agreement.

"on Plaintiffs' three state law claims (Counts *5, 7 and 8*)"[9] (ECF No 697 at 18) (emphasis added). Defendants' failure to even attempt to demonstrate the validity in the offers is fatal;[10] assuming without finding that the offers were properly communicated and valid, they would nonetheless not entitle Defendants to the award of all fees and costs incurred in this action.

The Motion makes no effort to identify the fees to which they might be entitled to recover based on the offers, as distinguished from those fees and costs otherwise incurred. Defendants' Motion avers, in passing, that these state law claims arose from the same common nucleus of operative facts, and "the Court equally could treat all attorney's fees as arising out of the defense of the three state law claims." (ECF No. 697 at 18).

Defendants' offers of judgment are ineffective with respect to Plaintiffs' civil rights claims. Florida courts have limited the application of § 768.79 in federal civil rights cases under § 1988 to those that are "frivolous, unreasonable, or without foundation." *See Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1311 (11th Cir. 2007); *see also Alansari v. Tropic Star Seafood Inc.*, 395 Fed. App'x 629, 632 (11th Cir. 2010) (affirming denial of motion for attorneys' fees, observing that "Florida law prevents awards of attorneys' fees, even after an offer of judgment, in state and federal civil rights cases absent a showing of frivolity"). Indeed, Defendants do not even argue in the Motion that the offers entitle them to fees incurred on the FHA claims. To the extent the Court agrees with the undersigned's recommendation on frivolity set forth above, this would preclude Defendants' entitlement to fees incurred as a result of the FHA claims. Defendants have not meaningfully endeavored either to demonstrate that they are entitled to fees or to identify the fees

---

[9] Counts 5, 7, and 8 were not based on state law but rather asserted claims under the FHA. The offers of judgment attached to the Motion, in fact, offer to settle "all pending state court and contract claims," identified as Counts *14, 15 and 16*. (ECF No. 697-6).

[10] Indeed, Plaintiffs' Response does not even address Defendants' entitlement to fees on this basis.

to which they claim entitlement pursuant to § 768.79, and the undersigned recommends that the Motion be denied on this basis.

## III.     RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendants' Verified Motion for Award of Attorney's Fees (ECF No. 697) and Motion for Non-Taxable Costs (ECF No. 698) be **DENIED.**  A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) days** of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020). Response to objections, if any, must be filed on or before **September 20, 2024**.

**RESPECTFULLY SUBMITTED** in Chambers, in Miami, Florida this 30th day of August, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

CC:    Honorable Joan A. Lenard

Carlos A. Alonso Cano
6700 NW 186th Street
Apt. 121
Hialeah, FL 33015
Email: carloscaco3@yahoo.com
Counsel of Record