## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21826-CV-LENARD/LOUIS

CARLOS A. ALONSO CANO, *et al.*,

     Plaintiffs,

v.

245 C & C, LLC, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendants' Verified Expedited Motion for Issuance of Rule to Show Cause Why Plaintiffs Should Not Be Held in Contempt ("Contempt Motion"). (ECF No. 787).[1] Plaintiffs failed to file a Response and the time to do so has passed.[2] Having reviewed the Contempt Motion, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that Defendants' Motion be **DENIED AS MOOT**.

## I.     BACKGROUND

Following a bench trial in June 2023, the Court entered final judgment in favor of Defendants on all counts. (ECF No. 679). Plaintiffs filed a Notice of Appeal (ECF No. 683) and Eleventh Circuit Transcript Order Form (ECF No. 686).

---

[1] This matter has been referred to the undersigned United States Magistrate Judge by the Honorable Joan A. Lenard, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for a Report and Recommendation. (ECF No. 788).

[2] Plaintiffs' Response to the Motion (ECF No. 791) was stricken as an unauthorized *pro se* filing. (ECF No. 799).

On September 6, 2023, defense counsel sent an email to Plaintiff Alonso Cano informing him that he had not ordered the entire trial transcript, as required for purposes of his appeal. (ECF No. 713-1 at 2). Conferral by email was not successful, so Defendants moved for a Court order requiring Plaintiffs to comply with Federal Rule of Appellate Procedure 10(b)(3)(C). (ECF No. 713). On January 30, 2024, the Court ordered Plaintiffs to "order and pay for the transcription of the entire trial proceedings . . . [and] file such transcripts with the Clerk of this Court to be transmitted to the Eleventh Circuit" (the "Omnibus Order"). (ECF No. 755). The Omnibus Order did not set a deadline by which Plaintiffs must pay for and file the transcripts.

On March 11, 2024, Plaintiffs filed an amended Eleventh Circuit Transcript Order Form. (ECF No. 761). The Eleventh Circuit then rescinded the briefing schedule it had set several weeks earlier due to Mr. Alonso Cano's order for additional transcripts. *Alonso Cano v. 245 C&C, LLC*, No. 23-12413 (11th Cir. Mar. 18, 2024) (Memorandum to Counsel or Parties) (DE 50).

A court reporter notified Defendants "in or around mid-April that there remained pages of the trial transcripts yet to be transcribed." (ECF No. 787 at 2). Defense counsel and Mr. Alonso Cano conferred by email regarding the missing transcripts (*see* ECF No. 787-1), and then Plaintiffs filed three more Transcript Order Forms on April 22, 2024. (ECF Nos. 770, 771, 773).

On May 21, 2024, the court reporter sent Mr. Alonso Cano an email notifying him that there were still approximately 85 yet-to-be-transcribed pages for which Plaintiffs had not ordered and advised him to submit another Transcript Order Form. (ECF No. 787-2). The court reporter resent the email to Mr. Alonso Cano on May 26. (*Id.*)

On May 31, 2024, the Eleventh Circuit set a due date of July 10, 2024, for Plaintiffs' appellate brief. *Alonso Cano*, No. 23-12413 (11th Cir. May 31, 2024) (Briefing Notice) (DE 83). Defense counsel emailed Plaintiffs on June 3, "warn[ing] them that if they did not file the new

[Transcript Order Form] and make payment arrangements with [the court reporter] by close of business, June 4, 2024, the previously discussed rule to show cause would be filed." (ECF No. 787). Mr. Alonso Cano replied, "When you file it, I will respond properly." (*Id.*) Defendants filed this Contempt Motion the next day.

One month later, Plaintiffs filed two new Transcript Order Forms. (ECF Nos. 796, 798). The Eleventh Circuit again rescinded the briefing schedule. *Alonso Cano*, No. 23-12413 (11th Cir. July 17, 2024) (Memorandum to Counsel or Parties) (DE 92). On July 30, 2024, the court reporter notified the Court that the transcripts recently ordered by Mr. Alonso Cano had been filed. (ECF No. 812). Now in receipt of all transcripts, the Eleventh Circuit has ordered Plaintiffs to file their brief on or before October 30. *Alonso Cano*, No. 23-12413 (11th Cir. Oct. 16, 2024) (DE 107-2).

## II.    DISCUSSION

Defendants ask this Court to issue a rule to show cause why Plaintiffs should not be held in contempt for their failure to comply with the Omnibus Order. At the time this Contempt Motion was filed, Plaintiffs had not yet ordered 85 pages of trial transcripts for their appeal, despite numerous reminders by the court reporter and defense counsel to do so.

There is no Rule of Civil Procedure that governs Plaintiffs' alleged violation here; thus, the Court can rely only on its "inherent power to enforce compliance with [its] lawful orders through civil contempt," if deemed appropriate in this case. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Where there is a finding of civil contempt, "[d]istrict courts have broad discretion in fashioning civil contempt sanctions." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519 (11th Cir. 1990). "The purposes of civil contempt sanctions are 'to coerce the [contemnor] into compliance with the court's order, and to compensate the complainant for losses sustained.'"

*E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1515 (11th Cir. 1987) (quoting *Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 443 (1986)).

The undersigned recommends that the Court decline to initiate civil contempt proceedings because "neither of the purposes underlying civil contempt—compliance or compensation—will be served by initiating contempt proceedings against" Plaintiffs. *See Bussey-Morice v. Kennedy*, No. 11-cv-970, 2018 WL 4101004, at \*3 (M.D. Fla. Jan. 12, 2018). "[E]ven if civil contempt proceedings were initiated against" Plaintiffs, "the Court would not be able to impose a coercive or compensatory sanction" because Plaintiffs have since fully complied with the Omnibus Order. *See id.* at \*4. Contempt proceedings are not the proper mechanism to reprimand past conduct. *See United States v. McCorkle*, 321 F.3d 1292, 1299 (11th Cir. 2003) ("We are at a loss as to how a party can be adjudged in civil contempt when the underlying basis for the contempt citation is moot."); *Mar-Jac Poultry, Inc. v. United States*, 153 F. App'x 562, 565 (11th Cir. 2005) (affirming district court's denial of motion for civil contempt as moot where the court could "no longer . . . grant the meaningful relief that Mar-Jac requested").

The attempts at conferral demonstrate a reluctance on Plaintiffs' part to comply with the Court's order to cause the transmission of all transcripts to the Eleventh Circuit. Indeed, Plaintiffs filed a motion before the Eleventh Circuit requesting to be relieved of this obligation, which was denied. *Alonso Cano*, No. 23-12413 (11th Cir. May 31, 2024) (Order) (DE 36). Nonetheless, Plaintiffs ultimately complied with the Omnibus Order when they ordered and paid for the outstanding pages in July 2024, approximately one month after this Contempt Motion was filed.

Accordingly, the undersigned **RECOMMENDS** that Defendants' Contempt Motion (ECF No. 787) be **DENIED AS MOOT**. A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court

Judge for the Southern District of Florida, within **FOURTEEN (14) days** of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 25th day of October, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

CC:   Honorable Joan A. Lenard

Carlos A. Alonso Cano
6700 NW 186th Street
Apt. 121
Hialeah, FL 33015
Email: carloscaco3@yahoo.com

Counsel of Record